### LUFF et al. v. UNITED STATES.
### No. 49392.

United States Court of Claims.
Nov. 6, 1951.

926

R. Sidney Johnson, Washington, D. C., for plaintiffs.

Edward L. Metzler, Washington, D. C., with whom was Asst. Atty. Gen. Holmes Baldridge, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

·This case is before the court on defendant's motion to dismiss for lack of jurisdiction because the petition fails to show on its face that plaintiffs complied with section 13 of the Contract Settlement Act, 58 Stat. 649, 660, 41 U.S.C.A. § 113, requiring the institution of suit in this court "within ninety days after delivery to him of the findings by the contracting agency".

After having set out their claim against the defendant, plaintiffs allege: "The plaintiffs have filed their claims aforesaid, and pursued their remedies ·for the recovery thereof under the provisions of Section 17 of the Contract Settlement Act of 1944, and their said claims have been denied and rejected."

This is the extent of the allegations to show that this court has jurisdiction under the Contract Settlement Act, 41 U.S.C.A. § 101 et seq.

It is, of course, true that in a court of limited jurisdiction the petition must set forth facts to show that the court has jurisdiction of the claim presented. Peysert v. United States, 41 ·Ct.Cl. 311; Utah Fuel Co. v. National Bituminous Coal Commission, 306 U.S. 56, 60, 59 S.Ct. 409, 83 L.Ed. 483; Peyton v. Railway Express Agency, 316 U.S. 350, 353, 62 S.Ct. 1171, 86 L.Ed. 1525; and see ·cases cited in 41 Am.Jur. p. 342, and 54 Am.Jur. p. 706. All Federal courts are courts of limited jurisdiction; hence, see Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A. It, moreover, appears from the exhibits filed to defendant's motion, to the consideration of which plaintiffs offer no objection, that plaintiffs' petition is not subject to amendment so as to show that this court actually has jurisdiction of their claim.

Plaintiffs' services for which they sue were completed on August 22, 1945. Sometime theretofore they filed their claim with the Maritime Commission. No action seems to have been taken on the claim prior to December 17, 1947. On that date plaintiffs

wrote a letter to the Chairman of the Maritime Commission making demand that "such determinations and findings that your Commission deems appropriate be made without delay." Prior to this time, it seems plaintiffs could not find out what official or body in the Maritime Commission had authority to act on their claim.

Following plaintiffs' letter of December 17, 1947, the Chairman of the Maritime Commission wrote plaintiffs notifying them that the Maritime Commission had delegated authority to the Committee on Claims "to settle by negotiations or determination, your claim based on section 17 of the Contract Settlement Act of 1944." Plaintiffs were advised in that letter that the Committee would hold a hearing on their claim and that witnesses could be subpoenaed so that a full presentation thereof could be made.

A hearing followed, and the Committee on March 16, 1948, sent to plaintiffs' office by messenger the findings of the Committee. Finding plaintiffs' office closed, the findings were transmitted the following day by registered mail. All of plaintiffs' claims under section 17 of the Contract Settlement Act were denied.

Plaintiffs had also made claim under the First War Powers Act, 50 U.S.C.A. Appendix, § 601 et seq., and Public Law 657, 79th Congress, commonly known as the Lucas Act, 41 U.S.C.A. § 106 note. No action was taken on these claims because the Committee entertained a suspicion of fraud in connection with plaintiffs' claims and had referred the claims under these Acts to the Department of Justice.

Thereafter, on December 10, 1948, plaintiffs filed an appeal to the Appeal Board. That Board dismissed plaintiffs' appeal on September 8, 1949, on the ground that it had been filed too late. Plaintiffs filed their petition in this court on December 5, 1949.

Under these facts we are of the opinion that plaintiffs have failed to comply with the provisions of the Contract Settlement Act.

Section 13(a) of the Contract Settlement Act of 1944, 58 Stat. 649, 660, provides that where the contracting agency has not settled the claim, the contractor may make a written demand for a settlement, whereupon the contracting agency is required to "determine the amount due on the claim or unsettled part and prepare and deliver such findings to the war contractor within ninety days after the receipt by the agency of such demand." So far as the record before us shows, the first demand made by plaintiffs for settlement of their claim was on December 17, 1947. Plaintiffs say in their brief that they made a demand for settlement on September 23, 1947, but there is nothing in the pleadings or exhibits to support this statement. On the record presented to us we must assume that the first demand was made on December 17, 1947. The Commission made findings on plaintiffs' claim on March 16, 1948, and sent these findings by messenger to plaintiffs on that date, and on the following day, March 17, 1948, it sent its findings to plaintiffs by registered mail. It thus appears that the contracting agency complied with the terms of section 13(a) of the Contract Settlement Act.

Section 13(b) of said Act provides:

"(b) Whenever any war contractor is aggrieved by the findings of a contracting agency on his claim or part thereof or by its failure to make such findings in accordance with subsection (a) of this section, he may, at his election—

"(1) appeal to the Appeal Board in accordance with subsection (d) of this section; or

"(2) bring suit against the United States for such claim or such part thereof, in the Court of Claims or in a United States district court, in accordance with subsection (20) of section 24 of the Judicial Code (28 U.S.C. 41 (20).) * * *."

And section 13(c) provides:

"(c) Any proceeding under subsection (b) of this section shall be governed by the following conditions:

    *     *     *     *     *     *

"(2) A war contractor may initiate proceedings in accordance with subsection (b) of this section (i) within ninety days after

delivery to him of the findings by the contracting agency, * * * or(iii) in case of failure to deliver such findings, within one year after his demand therefor. If he does not initiate such proceedings within the time specified, he shall be precluded thereafter from initiating any proceedings in accordance with subsection (b) of this section, and the findings of the contracting agency shall be final and conclusive, or if no findings were made, he shall be deemed to have waived such termination claim."

As stated above, plaintiffs' first formal demand for findings was made on December 17, 1947. Their appeal to the Appeal Board was filed on December 10, 1948, within one year from the date of their demand, and, therefore, within the provisions of section 13(c) (2) (iii), except for the fact that there had not been a failure to deliver the findings within ninety days after demand. The provisions of section 13(c) (2) (iii) are, therefore, inapplicable to this case.

This case comes within the provisions of section 13(c) (2) (i), which provides that the contractor may initiate proceedings in accordance with subsection (b) of this section "within ninety days after delivery to him of the findings by the contracting agency". Under the provisions of this subsection a contractor may do one of two things, if he is dissatisfied with the findings of the contracting agency: (1) he may appeal to the Appeal Board, or (2) he may bring suit in this court, or in a district court where the amount involved comes within the jurisdiction of such courts. Plaintiffs elected to appeal to the Appeal Board, but their appeal thereto was nearly nine months after the findings of the Committee on Claims, and, therefore, long after the ninety days within which they were required to perfect such an appeal.

This, of course, assumes that the findings of the Committee on Claims were the findings of the contracting agency. Of this there can be little doubt. General Order 62, Supp. 2 (Federal Register of January 15, 1948, pp. 199–200), of the Maritime Commission established the Committee on Claims, and provided that this Committee should have authority to consider claims under Public Law 657, 79th Congress, 60 Stat. 902, and such miscellaneous claims as might be referred to it by the Commission, "including claims filed pursuant to section 17 of the Contract Settlement Act of 1944." It was required to report and make recommendations to the Commission on all such claims "except claims filed pursuant to section 17 of the Contract Settlement Act of 1944." As to claims under section 17 of the Contract Settlement Act, the Committee was authorized to effect settlements by agreement, or in the absence of an agreement, to make findings on claims filed thereunder. The settlements by agreement were subject to review by the Settlement Review Board only in the event that the settlement agreed upon exceeded the sum of $50,000. There was no agreed settlement in this case, and the findings of the Committee under the terms of this Order were final. This order was dated December 11, 1947.

Plaintiffs were fully advised of the terms of this order. On August 2, 1948, the Chairman of the Maritime Commission wrote plaintiffs: "As you have already been fully informed, the Committee on Claims was delegated, by the Commission, final authority to make findings on claims filed under Section 17, and such authority was duly published in the Federal Register. For that reason the Commission, itself, would not act on such findings."

More than four months after receipt of this letter and many months after delivery of the findings, plaintiffs filed their appeal to the Appeal Board. That Board properly dismissed the appeal because it was filed too late.

Although plaintiffs were given the option under section 13(b) of appealing from the findings of the contracting agency to the Appeal Board or to bring suit in this court on their claim, nevertheless, under section 13(d) (2) they were also given the right to bring suit in this court or in a district court if they were aggrieved by the findings of the Appeal Board. This suit also had to be brought within ninety days.

from the findings of the Appeal Board. The petition in this case was filed within ninety days from the decision of the Appeal Board, but plaintiffs had forfeited their right to come to this court long before this. Upon the delivery to them of the findings of the contracting agency, they had to act within ninety days either by appealing to the Appeal Board or by bringing suit in this court or a district court, and the Act provides that "if he does not initiate such proceedings within the time specified, he shall be precluded thereafter from initiating any proceedings in accordance with subsection (b) of this section, and the findings of the contracting agency shall be final and conclusive * * *."

In plaintiffs' proceeding before the contracting agency they invoked the provision of the First War Powers Act and the so-called Lucas Act. No right of action was given by the First War Powers Act, and plaintiffs' petition fails to make out a case under the Lucas Act, 60 Stat. 902. The Lucas Act provides for the recovery of net losses on war contracts. There is no allegation in plaintiffs' petition that they incurred a net loss on their war contracts with the Government, nor is there any allegation that claim for relief was filed under the First War Powers Act, as is required by the Lucas Act.

Plaintiffs also say that their rights are not limited to the Contract Settlement Act, but that they are entitled to recover under the general jurisdiction of this court, and that where a plaintiff brings his suit under our general jurisdiction, he has six years within which to do it.

Plaintiffs' petition alleges that on September 30, 1943, they entered into a subcontract with the Norwood Engineering Company, which had a contract with the defendant, represented by the United States Maritime Commission, for the production of certain electric unit winches. They say that later they notified the Maritime Commission that because of Norwood's inefficiency, they were unable to proceed under their subcontract, but that the Maritime Commission persuaded them to continue their services with Norwood and promised them fair and reasonable compensation if they would do so. Later, the defendant's contract with Norwood was terminated and the Haarman Steel Company took over the contract, and plaintiffs say the defendant induced them to enter into the same sort of a subcontract with the Haarman Steel Company that they had with the Norwood Engineering Company, upon the promise to them that they would be fully compensated.

Whether or not plaintiffs' petition states a case under our general jurisdiction, we are of opinion that where a plaintiff elects to pursue the remedies accorded him by the Contract Settlement Act and is unsuccessful in those proceedings, he is foreclosed from later claiming a right of action under the general jurisdiction of this court. The Contract Settlement Act provides that plaintiff may bring suit in this court within ninety days of the findings by the contracting agency, or if he appeals to the Appeal Board and is dissatisfied with its action, he may bring suit here in ninety days thereafter. If, notwithstanding this limitation, he still has the right to sue within six years from the time his claim accrued, under the general jurisdiction of this court, then the limitations of the Contract Settlement Act are of no effect.

Moreover, the Contract Settlement Act provides that if a claimant fails to perfect his appeal or to bring suit in this court within the time prescribed, the findings of the contracting agency shall be final and conclusive. If, notwithstanding these provisions, he may still bring suit in this court, under our general jurisdiction, then the findings of the contracting agency are not final and conclusive.

Plaintiffs could have disregarded the Contract Settlement Act and brought their suit within six years under the general jurisdiction of this court, but having availed themselves of the privileges of the Contract Settlement Act, of which there are many, they are bound by the limitations therein fixed on bringing suits in this court.

Defendant's motion is sustained and plaintiffs' petition is dismissed.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.