## PACIFIC MARITIME ASS'N

v.

## UNITED STATES.

### Nos. 48895 and 49003.

United States Court of Claims.
June 2, 1953.

———◆———

Marion B. Plant, San Francisco, Cal., Brobeck, Phleger & Harrison, San Francisco, Cal., on the briefs, for plaintiff.

Mary K. Fagan, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Defendant files a motion for a rehearing on the ground that our decision in this case is in conflict with our decision in Luff v. United States, 100 F.Supp. 925, 120 Ct.Cl. 682.

The gist of our holding in that case was that where a contractor allows the 90 days to elapse from the findings of the contracting agency without having appealed to the Appeal Board, or without having brought suit in this court, he is barred from doing so later on the theory that, independent of the Contract Settlement Act, 41 U.S.C.A. § 101 et seq., he has a claim coming within our general jurisdiction. We did no more in that case than to reject the contractor's effort to circumvent the 90-day limitation period of the Contract Settlement Act and the finality of the findings of the contracting agency by claiming the right to sue within six years under our general jurisdiction. This issue was not raised in the present case.

Plaintiff in the case at bar based the first count of its petition on our general jurisdiction to render judgment on an implied contract; its second count was founded on section 17(a) of the Contract Settlement Act of 1944 and was based on the apparent authority of defendant's officers and agents with whom it dealt. We held it was entitled to recover on an implied contract, rather than under the Contract Settlement Act.

There is no provision of the Contract Settlement Act that takes away from a contractor his right to bring a suit under our general jurisdiction, nor any provision which prevents a contractor from invoking our general jurisdiction and, in the alternative, our jurisdiction under the Contract Settlement Act. The defendant did not defend on the ground that there was.

Defendant's motion for a rehearing is denied.

We must not be understood to imply that defendant's motion comes within Rules 53(a) (2) and 54, Rules of Court of Claims, 28 U.S.C.A. That question we do not decide.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.