**FURROW & CO. et al. v. AMERICAN AIRLINES, Inc.**

Civ. 4791.

United States District Court,
W. D. Oklahoma.

Jan. 8, 1952.

C. Kenneth Woodward, of Douglass, Felix, Lynn & Griffin, Oklahoma City, Okl., for the plaintiff.

Malcolm A. MacIntyre, of Debevoise, Plimpton & McLean, New York City, and Loyd Benefield, of Savage, Gibson Benefield & Hart, Oklahoma City, Okl., for the defendant.

CHANDLER, District Judge.

The plaintiff, a wholesale florist, seeks to recover damages from the defendant, an interstate air carrier operating under a certificate issued by the Civil Aeronautics Board. It is asserted that several different shipments of flowers shipped from California to Oklahoma City, Oklahoma, were damaged solely by reason of the carelessness and negligence of the officers, servants, agents and employees of the defendant in failing to deliver the shipments of flowers to the plaintiff within a reasonable time.

Jurisdiction is predicated upon two considerations. Plaintiff's claim for damages arises from the transportation of certain items by air freight from a point outside of Oklahoma into this State. Title 28 U.S.C.A. § 1337. Also, the defendant asserts that the shipments in question were governed by the applicable tariffs filed by the defendant with the Civil Aeronautics Board, as provided in the Civil Aeronautics Act of 1938, as amended. 49 U.S.C.A. § 401 et seq.

The parties agree that the damage to the flowers in question was due to the time involved in shipment and that they were damaged to such an extent as to be unmarketable at the time of delivery to the defendant in Oklahoma City.

The flowers were delivered to plaintiff in Oklahoma City without unreasonable delay and in compliance with the contract of carriage. Air Freight Rules Tariff No. 1, and particularly Rule 3.11(a) provides: "Except as provided in paragraph (b) of this Rule all shipments are accepted subject to the availability of suitable equipment and to available space after the accommodation of air mail, passengers and air express, and the carrier reserves the right to determine the priority of carriage as between shipments, and to decide which shipments shall not be carried on a particular flight, or shall be removed at any time or place whatsoever, and to proceed with any flight without all or part of a shipment."

Reference, however, should also be made to Air Freight Rules Tariff No. 3.10, reading: "Except as provided in Rule 3.11(b) the carrier assumes no obligation to commence or complete transportation within a certain time or according to any specific schedule, or to make connections with any other carrier, and no carrier shall be held liable for failure to do so or for error in any statement of time of arrival or departure."

Such rules are within the authority conferred by the Civil Aeronautics Act, and the tariffs involved became a part of the contract of transportation. Jones v. Northwest Airlines, 1945, 22 Wash.2d 863, 157 P.2d 728; Lichten v. Eastern Air Lines, D. C., 87 F.Supp. 691; Mack v. Eastern Air Lines, D.C., 87 F.Supp. 113.

The Lichten Case, supra, at page 694 of 87 F.Supp., contains the following paragraph which is pertinent to the present enquiry: " * * * Section 483(b) of the Act, requiring that the provisions in the Rules Tariff be observed by both the carrier and the passenger, is derived from, and its language is substantially the same as Section 6(7) of the Interstate Commerce Act, Title 49 U.S.C.A. § 6(7). It is well established that a carrier's tariff on file with the Interstate Commerce Commission has an effect equivalent to law until declared unlawful by that Commission, and that the provisions of those tariffs establish the legal relationships of the parties. Western Union Telegraph Co. v. Esteve Bros., 1921, 256 U.S. 566, 41 S.Ct. 584, 65 L.Ed. 1094; Boston & Maine R. R. v. Hooker, 1914, 233 U.S. 97, 34 S.Ct. 526, 58 L.Ed. 868, L.R.A. 1915B, 450 Ann.Cas.1915D, 593; American Ry. Express Co. v. American Trust Co., 7 Cir. 1931, 47 F.2d 16. This is so, irrespective of the injured party's actual knowledge of the tariff provisions. Western Union Telegraph Co. v. Esteve Bros., supra."

Under the so-called "primary jurisdiction" rule, an attack upon the alleged unreasonableness of the provisions of any tariff filed with the Civil Aeronautics Board must be made to the Board in the first instance, and the statutory remedies must be exhausted before the courts have jurisdiction to question the reasonableness of any provision.

The contention is made. that there was an agreement by the defendant to notify the plaintiff immediately upon arrival of shipments of flowers. The evidence fails to show such an agreement. The plaintiff had requested defendant's employees, as a courtesy to plaintiff, to notify plaintiff's agents when perishable goods arrived after business hours. The evidence shows that defendant's agents customarily did so and that plaintiff was immediately notified upon the arrival of all of the shipments herein involved.

Judgment, therefore, is entered for the defendant.