**Frederick M. YELINEK**

v.

**A. C. WORLEY**

and

**Charles Bartlett Krieger.**

**Civ. A. No. 5547.**

United States District Court
E. D. Virginia,
Richmond Division.

May 6, 1968.

---

James A. Eichner, Richmond Va., for plaintiff.

J. W. Morris, III, Richmond, Va., for defendant, A. C. Worley.

## MEMORANDUM

MERHIGE, District Judge.

In part, plaintiff's complaint alleges that on June 3, 1967, plaintiff was on the premises of New Kent Airport in New Kent County, Virginia; that at the time and place aforesaid, a certain Cessna airplane was being piloted by defendant Krieger; that defendant, Worley, as owner of said airplane, "caused and authorized the operation of said aircraft by defendant Krieger;" and that "said aircraft was so recklessly and carelessly operated by the defendants that its propeller was caused to begin rapidly spinning while plaintiff was standing immediately in front of said aircraft in an effort to assist defendant Krieger in the starting of said aircraft," and allegedly resulting in personal injury to plaintiff when he was struck by the aircraft propeller.

On January 9, 1968, defendant, A. C. Worley, filed a motion to dismiss this action for: (1) lack of federal jurisdiction in that no diversity of citizenship exists between the parties and the action does not arise under the Constitution, laws or treaties of the United States, and (2) for failure to state a claim upon which relief can be granted. The Court has had the benefit of argument and memoranda of counsel.

Plaintiff alleges this Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 49 U.S.C. § 1301. Accordingly, the issue before the Court is whether the present action is one arising under the Constitution or laws of the United States within the meaning of 28 U.S.C. § 1331 (a).

■■ The party asserting jurisdiction has the burden to show that jurisdiction exists, McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935), and whether the burden has been met is determined from the plaintiff's statement of his cause of action as set forth in the complaint. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1912).

■ Since plaintiff and defendant Worley are citizens of the Commonwealth of Virginia, no complete diversity exists and no jurisdiction accrues pursuant to 28 U.S.C. § 1332. Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). However, plaintiff contends that his allegations against defendant Worley are purely founded on the laws of the United States and as such, satisfy 28 U.S.C. § 1331(a) which states:

> The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest or costs, and arises under the Constitution, laws, or treaties of the United States.

■ The guidelines for measuring plaintiff's contention are established by Gully v. First Nat. Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936):

1. A right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action;

2. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect,

and defeated if they receive another; and

3. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto.

One commentator has stated that a plaintiff must contend that a "federally ordained rule specifically creates his cause of action." Mishkin, "The Federal 'Question' in the District Courts," 53 Col.L.Rev. 157, 165 (1953).

Plaintiff bases his claim upon the Federal Aviation Act of 1958, 72 Stat. 737, 49 U.S.C.A. § 1301 et seq. In part, 49 U.S.C.A. § 1301(26) states:

> Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of this chapter.

Essentially, plaintiff seeks to hold defendant Worley, as owner of the airplane, vicariously liable for the alleged negligence of defendant Krieger.

In order to sustain plaintiff's position, it would be necessary for the Court to imply a civil remedy from the provisions of the Federal Aviation Act, as the Act does not expressly provide for the relief sought by the plaintiff.

■ Implying a civil remedy for damages would appear to be clearly foreign to the Congressional purposes for enactment of the Act. See Comment, "Air Law—The Federal Aviation Act of 1958," 57 Mich.L.Rev. 1214 (1959).

In Moungey v. Brandt, 250 F.Supp. 445 (W.D.Wis.1966), an airplane passenger initiated an action for personal injuries against the owner and operator of the airplane. The complaint invoked federal jurisdiction under the Federal Aviation Act, supra, and alleged that the accident was caused by one of the defendants in operating the aircraft negligently by violating several safety regulations promulgated by the Federal Aviation Agency pursuant to the Federal Aviation Act. The District Court, although finding that the complaint sufficiently invoked federal jurisdiction, declined to hold that the statutes and regulations comprising the Federal Aviation Program impliedly created a remedy for damages at the suit of an injured private party, stating:

> No persuasive reason suggests itself why the efficacy of the Program need be fortified by the creation, by implication, of a civil remedy in the federal court.

250 F.Supp. at 451. The reasoning and authority of the *Moungey* case are determinative of the instant cause of action.

■ The doctrine of Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), establishes a distinction between the question of federal jurisdiction and the sufficiency of the complaint to show a cause of action arising under the Constitution and laws of the United States. 1 Moore's Federal Practice, ¶ 0.60 [8.–3] at 631 (2d Ed. 1964).

■ Treating the complaint as sufficiently alleging a controversy which "arises under" the laws of the United States, and thereby giving the Court jurisdiction, the complaint nevertheless fails to state a claim upon which relief can be granted and must be dismissed.

■ Although the complaint may state a cause of action under Virginia's laws, the doctrine of pendent jurisdiction will not be invoked. Moungey v. Brandt, supra, 250 F.Supp. at 453–454 and cases cited therein.

This cause is dismissed on the ground that the complaint fails to state a claim upon which relief can be granted to plaintiff in this Court.