**In the Matter of the Arbitration between TRADE AND TRANSPORT, INC., Petitioner, and DIRECTORATE GENERAL OF COMMERCE, SAIGON, Respondent, Under Charterparties dated April 26, 1966; June 10, 1966; August 29, 1966; September 30, 1965; and September 21, 1965.**

No. 69–Civ. 2117.

United States District Court, S. D. New York.

Jan. 26, 1969.

Poles, Tublin, Patestides & Stratakis, New York City, for Petitioner, John G. Poles, New York City, of counsel.

Jonathan B. Altschuler, New York City, for respondent.

MEMORANDUM

CROAKE, District Judge.

The above-entitled action was instituted by petitioner, Trade and Transport, Inc. [Transport], pursuant to Title 9, United States Code, § 4 and § 5, to compel respondent, Directorate General of Commerce, Saigon [the Directorate] to appoint an arbitrator in accordance with the terms of an arbitration provision contained in "certain charters entered into between the parties."

The petitioner in this proceeding is a corporation organized under the laws of the Republic of Panama and respondent is "an agency, commission, department or other arm of the Government of South Vietnam."

The present controversy arose out of the performance of five charters entered

into between the petitioner, acting as ship owner, and respondent, acting as charterer. In each of the charters entered into by the parties, the following arbitration clause was included:

"Should any dispute arise between Owners and the Charters, the matter in dispute shall be referred to three persons at New York, one to be appointed by the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men."

The record discloses that the parties in this action were unable to agree upon several matters and that Transport wrote to respondent on April 7, 1969, advising it to either pay certain claims or submit to arbitration, pursuant to the relevant provisions contained in the charter agreement. On April 24, 1969, when it had not received any response, Transport again wrote to respondent stating that it had appointed its arbitrator and demanding that the other party appoint an arbitrator within seven days from service of the petition to compel arbitration.

On May 14, 1969, after the Directorate failed to acknowledge either of the above letters, petitioner prepared a Notice of Motion with petition to compel respondent to submit to arbitration under 9 U.S.C. § 4 and § 5. These papers were served upon Chartering Incorporated, the New York representative of the Directorate, by the United States Marshal on May 16, 1969.

On the return day of the above motion, respondent failed to appear before Judge Edward C. McLean of this Court. A Notice of Settlement and proposed Order were then served by mail upon the Directorate's New York representative giving that party 14 days within which to appoint its arbitrator.

No response was received by Transport and after respondent failed to comply with Judge McLean's Order, petitioner submitted an ex parte affidavit on June 19, 1969, requesting that the Court appoint an arbitrator on behalf of the Directorate. On June 20, 1969, Judge Morris E. Lasker of this Court appointed Lloyd Nelson, a member of the Society of Maritime Arbitrators, as arbitrator on behalf of the "defaulting" respondent.

Following the appointment of Mr. Nelson, the two arbitrators conferrred among themselves and agreed upon the appointment of Mr. H. L. Cederholm as the third arbitrator. A hearing was then scheduled for October 2, 1969 to consider the matters alleged in the petition.

Several days before arbitration proceedings were scheduled to begin, the present motion was brought on by Order to Show Cause. This motion seeks to set aside service of the petition in question, to vacate the order of Judge Lasker, dated June 20, 1969, which appointed Mr. Nelson arbitrator on behalf of the respondent and to dismiss this action.

Respondent seeks to dismiss the above petition to compel arbitration on the grounds that this Court did not acquire in personam jurisdiction. The Directorate's argument is that Transport, by serving the Notice of Motion upon Chartering Incorporated, did not properly serve the respondent since "Chartering Incorporated was not given the authority by the Directorate * * * to accept service of process * * * and was not * * * in any way connected with the Directorate or the Government of Vietnam except as a freight broker."

The question of service in a case involving a petition to compel arbitration has been previously dealt with by the courts. In such cases it has been firmly established that by agreeing to arbitrate in New York, as the parties so agreed by the arbitration clause in the present case, a party makes itself as amenable to suit as if he were physically present in New York. Victory Transport, Inc. v. Comisaria General, 336 F.2d

354 (2d Cir. 1964); Farr & Co. v. Cia Intercontinental de Navegacion, 243 F. 2d 342 (2d Cir. 1957); Farr & Co. v. The S.S. Punta Alice, 144 F.Supp. 839 (S.D.N.Y.1956).

The Court further held in Victory Transport, Inc. v. Comisaria General that Rule 4(d) (7) of the Federal Rules of Civil Procedure permits the use of the state method in serving process to compel specific performance of an arbitration agreement and that service of process is significant only to the extent of avoiding a violation of due process. In other words, the sole function of service of process, in a case such as the present, is to give notice to a party that proceedings have been commenced against it. As the court in the *Victory* case stated 336 F.2d at 364:

"The appellant has also challenged the propriety of the extraterritorial service employed here. But since the appellant (h)as consented beforehand to the jurisdiction of the district court, the sole function of process in this case was, * * *, to notify the appellant that proceedings had commenced. * * * No rule of international law requires special treatment for serving branches of foreign sovereigns."

█ In the *Victory* case quoted above, service upon the respondent by registered mail was deemed to be sufficient notice to avoid a violation of due process. In the present case it is undisputed that a United States Marshal served the Notice of Motion and Petition to compel arbitration upon the respondent, through its New York representative. It is also undisputed that the respondent actually received this petition, as well as all previous and subsequent communications and pleadings, through Chartering Incorporated, its New York representative. Thus, the Directorate had *actual* knowledge of all proceedings in this Court and the due process standards have been completely satisfied in the present case.

In view of the foregoing, in personam jurisdiction may not now be challenged. Respondent, who had actual notice of the petition to compel arbitration and chose to ignore it cannot now be allowed to frustrate compliance of its own agreement to submit to arbitration in New York.

Accordingly, respondent's motion seeking to set aside service of the petition, to vacate Judge Lasker's order dated June 20, 1969 and to dismiss this action, is denied in all respects.

So ordered.