PEYTON *v.* RAILWAY EXPRESS AGENCY, INC.
ET AL.

No. 903.   Submitted May 1, 1942.—Decided May 25, 1942.

*Robert L. Peyton* submitted *pro se.*

*Messrs. Harry S. Marx* and *Charles C. Evans* submitted for respondents.

PER CURIAM.

Petitioner brought this suit in the District Court for the Western District of Texas, alleging that respondent, known to be an interstate carrier, had negligently failed to deliver to the addressee in California a package shipped from Waco, Texas, and claiming damages in the sum of $750,-000. The trial court ordered petitioner to attach to his complaint a copy of the express receipt which he received

upon delivering the package to respondent. This receipt contained a $50 valuation. Thereupon the court granted respondent's motion to dismiss the complaint on the ground that the amount in controversy was less than the $3,000 necessary to sustain jurisdiction under 28 U. S. C. § 41(1), Jud. Code § 24(1). The Court of Appeals for the Fifth Circuit affirmed. We granted certiorari to inquire whether the suit could be maintained under 28 U. S. C. § 41(8), Jud. Code § 24(8), granting the district courts jurisdiction "Of all suits and proceedings arising under any law regulating commerce," irrespective of the amount involved.

The pertinent act of Congress is 49 U. S. C. § 20(11), originally the Carmack Amendment of 1906, 34 Stat. 593, since amended several times to its present form. The section requires an interstate common carrier receiving property for shipment to issue a receipt or bill of lading. The carrier is made liable to the holder "for any loss, damage, or injury to such property caused by it" or connecting carriers. If the injury does not occur on the initial carrier's line, but it responds in damages, it is entitled to recover over from the responsible carrier. Further, the initial carrier is made liable to the shipper for full damages sustained, notwithstanding any limitation of liability in the receipt or bill of lading, with the exception, important here, that where a carrier by authority or direction of the Interstate Commerce Commission maintains rates dependent upon the value of the property declared in writing by the shipper, such declaration also limits liability of the carrier for loss or damage to an amount not in excess of the declared value.

Following the Carmack Amendment, this Court in several cases upheld the power of the receiving carrier to limit its liability to an agreed valuation, made to obtain the lower of two or more rates. See *Adams Express Co.* v.

*Croninger*, 226 U. S. 491; *Missouri, K. & T. Ry. Co.* v. *Harriman*, 227 U. S. 657; *Pierce Co.* v. *Wells, Fargo & Co.*, 236 U. S. 278. The so-called First Cummins Amendment of March 4, 1915, 38 Stat. 1196, prohibited in general any such limitation of liability. By the Second Cummins Amendment of August 9, 1916, 39 Stat. 441, Congress adopted the present provisions authorizing limitation of liability in the manner already noted, and substantially restored the rule of *Adams Express Co.* v. *Croninger, supra.*

Respondent, confessing error, asserts that under § 20 (11) as it now stands, a suit brought against a single interstate carrier for its negligent non-delivery, is one not merely to enforce a common law liability limited by an Act of Congress; but that petitioner's cause of action has its origin in and is controlled by such Act, and so "arises under" it. Any doubts as to the correctness of this position [1] are resolved by the Act of January 20, 1914, c. 11, 38 Stat. 278, 28 U. S. C. § 71, regulating removal to the federal courts of suits brought under the Carmack Amendment in the state courts.

After the Carmack Amendment a conflict of decisions had developed in the lower federal courts on the question whether suits for damages brought against interstate carriers under the amendment were suits "arising under" an act regulating commerce, so that their removal from state to federal district courts would be permitted. *McGoon* v. *Northern Pacific Ry. Co.*, 204 F. 998; *Storm Lake Tub & Tank Factory* v. *Minneapolis & St. L. R. Co.*, 209 F. 895; *Adams* v. *Chicago G. W. Ry. Co.*, 210 F. 362. The deci-

---

[1] Compare *Cincinnati, N. O. & T. P. Ry. Co.* v. *Rankin*, 241 U. S. 319, 326; *Chicago & E. I. R. Co.* v. *Collins Co.*, 249 U. S. 186, 191, with *Adams Express Co.* v. *Croninger*, 226 U. S. 491, 505; *Missouri, K. & T. Ry. Co.* v. *Harriman*, 227 U. S. 657, 672; *Southern Ry. Co.* v. *Prescott*, 240 U. S. 632, 639-40.

sion in the *McGoon* case, sustaining removal jurisdiction irrespective of the amount in controversy, was followed by the removal of many small suits against carriers to the federal district courts. Congress ended this practice by the Act of January 20, 1914, which forbade removal of suits under the Carmack Amendment involving less than $3,000.

The report of the House Judiciary Committee on H. R. 9994, 63d Cong., 2d Sess. (which was the same in substance as S. 3484, which became the 1914 law), expressly recognized the effect and authority of the decision in the *McGoon* case. In prohibiting removals where less than $3,000 is in controversy, instead of imposing the $3,000 limitation directly on all suits brought in the federal courts under the Carmack Amendment, Congress recognized that such suits arise under a law regulating commerce within the meaning of 28 U. S. C. § 41 (8), and sanctioned the exercise of original jurisdiction by the district courts in such cases. See H. Rep. No. 120, 63d Cong., 2d Sess.; also 51 Cong. Rec. 1327, 1544–1548.

Whether a suit arises under a law of the United States must appear from the plaintiff's pleading, not the defenses which may be interposed to, or be anticipated by it. Petitioner's pleading, which we have summarized, satisfies this requirement, since it adequately discloses a present controversy dependent for its outcome upon the construction of a federal statute. See *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454; *Louisville & Nashville Ry. Co.* v. *Mottley*, 211 U. S. 149; *The Fair* v. *Kohler Die & Specialty Co.*, 228 U. S. 22, 25; *Taylor* v. *Anderson*, 234 U. S. 74; *Gully* v. *First National Bank*, 299 U. S. 109, 113.

*Reversed.*