Jim KILLIAN, Plaintiff,

v.

FRONTIER AIRLINES, Inc., Defendant.

Civ. No. 4034.

United States District Court
D. Wyoming.

April 8, 1957.

F. K. Dukes, Laramie, Wyo., for plaintiff.

O'Mahoney & Gorrell, Worland, Wyo., for defendant.

KERR, District Judge.

Plaintiff brings this action for the recovery of money judgment in the sum of $88.30. The action was originally filed in the Justice of the Peace Court of Albany County, Wyoming, and removed to this court since the subject of the controversy involved is interstate shipment of air freight, 28 U.S.C.A. § 1337.

The parties will be referred to as they appear in the pleadings.

The facts are not controverted and the matter is submitted to the court upon a stipulation of the facts. I quote from the stipulation, as follows:

"1. That plaintiff upon trial would prove the purchase of flowers in Salt Lake City, Utah, and the arrangement for shipment thereof by defendant to Laramie, Wyoming; that said flowers were unloaded en route at Casper, Wyoming and were not delivered to plaintiff at Laramie; that plaintiff expended the sum of $36.00 for charter flight to Casper from Laramie and return to obtain said flowers, and the sum of $2.50 for phone calls in order to locate the same, all to fulfill his obligations for a funeral on August 8, 1956; that $50.00 is a reasonable value for the work and inconvenience suffered by plaintiff by reason of the fact that said flowers were not delivered to Laramie as originally scheduled.

"2. That defendant would prove that it is a corporation and interstate air carrier, as alleged in its answer; that said flowers were consigned under Air Bill No. 28—SCL132770, the printed provisions of

which are set forth in Exhibit 'A' to said answer; that defendant would prove the allegations of its answer as to the schedule of flight involved herein; that defendant would prove that said flowers were removed from shipment in order that the total weight of the aircraft would be within the limits prescribed by law; that said flowers were shipped by air freight, and that other items of air freight, not consigned to plaintiff, were similarly removed from said flight at Casper for the same reason; that defendant has filed with the Civil Aeronautics Board, its classifications and tariffs, governing such shipment of flowers, and pertinent provisions of said filings are set forth in Exhibit 'B' to defendant's answer."

Defendant takes the position that, as a matter of law, it is not liable to plaintiff though admitting all the facts alleged in plaintiff's complaint as true.

██ The matter involves an interstate air freight shipment of flowers from Salt Lake City, Utah, to Laramie, Wyoming, and being a suit arising under a law regulating commerce is within the jurisdiction of this court irrespective of the amount involved. Peyton v. Railway Express Agency, 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525.

Reference should be made to Air Freight Rules Tariffs applicable to this case, reading:

"Rule No. 3.2—Exclusions from Liability.

\*   \*   \*   \*   \*   \*

"(d) The carrier shall not be liable in any event for any consequential or special damages arising from transportation subject to tariffs governed by these rules, whether or not the carrier had knowledge that such damages might be incurred.

"Rule 3.9—Schedules.

\*   \*   \*   \*   \*   \*

"The carrier assumes no obligation to commence or complete trans-

portation within a certain time or according to any specific schedule, or to make connections with any other carrier, and no carrier shall be liable for failure to do so or for error in any statement of times of arrival or departure.

"Rule 3.10—Availability of Equipment and Space.

\*   \*   \*   \*   \*   \*

"(a) Carrier undertakes to transport, consistent with its capacity to carry, all property accepted for transportation. All shipments are subject to the availability of suitable equipment, and, with respect to carriers transporting passengers, air mail, and air express, to available space after the accomodations of passengers, air mail, and air express, and carrier will determine the priority of carriage as between shipments, and will decide which shipments shall not be carried on a particular flight and which shall be removed at any time or place whatsoever and when a flight shall proceed without all or any part of a shipment.

"(b) Any shipment or commodity will be subject to refusal, delay, or embargo by carrier, if such shipment or commodity cannot be transported with reasonable dispatch by reason of any governmental rules, regulations, or orders, or because of unavailability of suitable equipment, or for other conditions beyond the control of the carrier."

██ These rules are within the authority conferred by the Civil Aeronautics Act of 1938 as amended 49 U.S.C.A. § 401 et seq. and the tariffs involved become a part of the contract of transportation. Furrow & Co. v. American Airlines, D.C., 102 F.Supp. 808; Mack v. Eastern Air Lines, D.C., 87 F.Supp. 113; Jones v. Northwest Airlines, Wash., 157 P.2d 728.

██ It is well established that a carrier's tariff on file with the proper gov-

**20**

ernment agency has an effect equivalent to law until declared unlawful by the agency and that the provisions of the tariffs establish the legal relationships of the parties. Western Union Telegraph Co. v. Esteve Bros., 256 U.S. 566, 41 S.Ct. 584, 65 L.Ed. 1094; Boston & Maine R. R. v. Hooker, 233 U.S. 97, 34 S.Ct. 526, 58 L.Ed. 868; American Ry. Express Co. v. American Trust Co., 7 Cir., 47 F.2d 16.

Any person may file a complaint with the Civil Aeronautics Board asking that any rule, regulation or tariff be declared unreasonable or unlawful. Furthermore, the Board may investigate such matters on its own initiative. If the Board finds, after notice and hearing, that any rules, regulations or practices are unreasonable or unlawful it may determine and prescribe more reasonable rules, regulations and tariffs.

The Rules Tariffs in this case must have been considered by the Board and determined to be reasonable. I am not dealing here with the common law rule that a common carrier can not contract itself out of liability for its own negligence, on the other hand, I am dealing with special rules authorized by Congress when it created the Civil Aeronautics Board and empowered it to issue rules, regulations and tariffs and apply them to this type of common carrier.

■ Since the Rules Tariff of defendant does provide that it shall not be liable for damages, such as alleged by plaintiff, and since the rules are deemed to be approved by the Civil Aeronautics Board and not in conflict with any provisions of the Civil Aeronautics Act, it would appear from the contract between the parties that plaintiff is not entitled to recover as a matter of law and I so hold. ·

The attorneys for the defendant will prepare findings of fact and conclusions of law, together with judgment, within fifteen (15) days from the date hereof and submit the same, each party to pay their own costs, and the clerk will enter an order accordingly.