J. E. LYON, Plaintiff,

v.

**ATLANTIC COAST LINE RAILROAD COMPANY and Brotherhood of Maintenance of Way Employees, an unincorporated Association, Defendants.**

Civ. A. No. 4407.

United States District Court
W. D. South Carolina,
Greenwood Division.

Jan. 3, 1964.

J. Fred Buzhardt, Sr., McCormick, S. C., for plaintiff.

Howard L. Burns, James D. Jefferies, Greenwood, S. C., for Atlantic Coast Line R. Co.

Frank Harrison, McCormick, S. C., for Brotherhood of Maintenance of Way Employees.

WYCHE, District Judge.

This is an action for damages of Nine Thousand, Seven Hundred, Fifty ($9,-750.00) Dollars, commenced in the Court of Common Pleas for McCormick County, South Carolina, by an employee of the Atlantic Coast Line Railroad Company against his employer railroad and the Brotherhood of Maintenance of Way Employees, an unincorporated union of which he was a member and which was his authorized bargaining representative. The action was removed by the defendants to the United States District Court for the Western District of South Carolina, Greenwood Division, and thereafter a timely motion to remand was made by plaintiff, which motion by consent was submitted on written briefs.

The complaint alleges that the plaintiff was a maintenance of way employee classified as "Group 5" according to the collective bargaining agreement existing between the defendants, and pursuant thereto plaintiff asserted a claim to operate a certain piece of machinery known as an "Orton Crane" which claim was denied by the employer railroad; that plaintiff requested the assistance of his union bargaining representative who advised him of his entitlement after negotiations between the defendants; thereafter, agents of the defendants "unlawfully conspired and agreed without the knowledge or consent of the Plaintiff, to permit the operation of said 'Orton Crane' by employees of Group Classification 2, all of which was contrary to prior agreement and custom of operation; that agents and officers of the Brotherhood of Maintenance of Way Employees violated the trust imposed in them by Plaintiff in representing him with the Defendant railroad company and its predecessor, and surrendered his rights by negotiating and concluding an agreement which was designed specifically to defeat his claim and rights and did prevent him from enjoying the privilege of his employment in operating said 'Orton Crane'." The complaint further alleges "That Plaintiff has heretofore appealed the acts and agreements between the Railroad Company and the Brotherhood of Maintenance of Way Employees to the highest official of the Railway Company authorized for that purpose, and has otherwise exhausted all administrative remedies available under the Railway-Labor Act."

The ground for removal is that this Court has original jurisdiction by virtue of 28 U.S.C.A. § 1337 in that the acts complained of and the rights of the plaintiff are governed by and arise under the Railway Labor Act and proceedings thereunder and before the National Railroad Adjustment Board.

Plaintiff contends in his motion to remand that the removal was improvident (1) because the action originates under the laws of the State of South Carolina; (2) because the action is not one of which this Court has original jurisdiction and is not one arising under any Act of Congress, and more specifically, is not an action or proceeding under the Railway Labor Act; (3) because the Court of Common Pleas for McCormick County, South Carolina, has jurisdiction of the parties, and; (4) because the amount in controversy is less than Ten Thousand Dollars ($10,000.00).

The third ground of the motion is without merit. All cases removed must be within the jurisdiction of both the court from which removed and the court to which removed. Ground four of the motion relating to jurisdictional minimum amount in controversy, is also without merit. The Railway Labor Act is an Act of Congress regulating commerce within the purview of 28 U.S.C.A. § 1337. Felter v. Southern Pacific Co., Cal., 1949, 359 U.S. 326, 79 S.Ct. 847, 3 L.Ed.2d 854. And, when as in this instance one is proceeding under 28 U.S. C.A. § 1337, minimum jurisdictional amount and diversity requirments are not applicable. Cunningham v. Erie Railroad Company, 266 F.2d 411 (C.A.2,

1959); Felter v. Southern Pacific Co., supra.

■ Grounds one and two of the motion are in substance the same. If this action is one originating under the laws of the State of South Carolina, *only,* as stated in the first ground, it follows that it does not arise under the Railway Labor Act which is the contention of ground two.

The defendants contend that any duty running from them to plaintiff arises under the Railway Labor Act and their conduct is necessarily governed and measured exclusively by this Act and the interpretation thereof. Plaintiff admits that such might be true were this a class action rather than one simply by an individual.

It is clear under Tunstall v. Brotherhood, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187 (1944), that the allegations of the complaint in this case state a cause of action arising under the Railway Labor Act of which district courts have original jurisdiction. In the Tunstall case, the Court said: "We also hold that the right asserted by petitioner which is derived from the duty imposed by the Railway Labor Act on the Brotherhood, as bargaining representative, is a federal right implied from the statute and the policy which it has adopted. It is the federal statute which condemns as unlawful the Brotherhood's conduct. 'The extent and nature of the legal consequences of this condemnation, though left by the statute to judicial determination, are nevertheless to be derived from it and the federal policy which it has adopted.' Deitrick v. Greaney, 309 U.S. 190, 200–201 [60 S.Ct. 480, 84 L.Ed. 694]; Board of County Commissioners [of Jackson County] v. United States, 308 U.S. 343 [60 S.Ct. 285, 84 L.Ed. 313]; Sola Electric Co. v. Jefferson Co., 317 U.S. 173, 176–7 [63 S.Ct. 172, 87 L.Ed. 165]; cf. Clearfield Trust Co. v. United States, 318 U.S. 363 [63 S.Ct. 573, 87 L.Ed. 838]. The case is therefore one arising under a law regulating commerce of which the federal courts are given jurisdiction by 28 U.S.C. § 41(8), Judicial Code § 24(8); Mulford

v. Smith, 307 U.S. 38, 46 [59 S.Ct. 648, 83 L.Ed. 1092]; Peyton v. Railway Express Agency, 316 U.S. 350 [62 S.Ct. 1171, 86 L.Ed. 1525]; cf. Illinois Steel Co. v. B. & O. R. Co., 320 U.S. 508, 510–511 [64 S.Ct. 322, 88 L.Ed. 259]."

The Tunstall case was a class action, however, and plaintiff contends that this difference affects jurisdiction. At first impression this position appeared to give rise to a genuine controversy about which courts of the various jurisdictions have differed. Nevertheless, the decisions, when carefully analyzed, are not in conflict insofar as they relate to the concerned statute (28 U.S.C.A. § 1337) and the Railway Labor Act (45 U.S.C.A. § 151 et seq.).

■ The fact that the Railway Labor Act recognizes the bargaining representative's right to bargain collectively, negotiate contracts and deal with grievances, does not mean that the individual employee's rights are thereby abrogated. This was the finding in Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945), with regard to proceedings before the Railway Adjustment Board, where it was said: "Accordingly, petitioner urges that the statute, both by its terms and by its purpose, confers upon the collective agent the same exclusive power to deal with grievances, whether by negotiation and contract, or by presentation to the Board when agreement fails, as is given with respect to major disputes. And the aggrieved employee's rights of individual action are limited to rights of hearing before the union and possibly also by the carrier.

"We think that such a view of the statute's effects, in so far as it would deprive the aggrieved employee of effective voice in any settlement and of individual hearing before the Board, would be contrary to the clear import of its provisions and to its policy."

■■ The provisions of the statute (28 U.S.C.A. § 1337) are to the effect that district courts have jurisdiction of *any* civil action arising under *any* Act of

Congress regulating commerce without contemplating a limitation with regard to actions by individuals. United States v. Mason & Dixon Lines, 222 F.2d 646 (C.A. 6, 1955). And, Rule 23, Federal Rules of Civil Procedure, in providing for class actions has never been interpreted so as to deprive a person of an individual claim if such claim would have existed in the absence of the rule. Giesecke v. Denver Tramway Corporation, 31 F. Supp. 957, (D.C.Del.). See also, 35A C.J.S. Federal Civil Procedure § 63, et seq.

For the foregoing reasons I find that this Court has jurisdiction of this action, that removal thereof from the Court of Common Pleas for McCormick County was not improvident, and that the motion to remand should be denied, and

It is so ordered.