**J. Stirling MORTIMER and Paul R. Hoffman, Plaintiffs,**

v.

**DELTA AIR LINES, a corporation of Georgia, Defendant.**

**No. 69 C 643.**

United States District Court
N. D. Illinois, E. D.
July 24, 1969.

Mortimer & Hoffman, Chicago, Ill., for plaintiffs.

Irving G. Swenson, John W. McCullough, Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

The plaintiffs, Mortimer and Hoffman, have brought this action against Delta Air Lines for being barred from the defendant's oversold flight for which they had tickets and confirmed reservations. They seek an injunction as well as compensatory and punitive damages. The defendant has moved to dismiss the complaint for lack of jurisdiction.

The complaint alleges that the action arises under section 404(b) of the Fed-

eral Aviation Act, 49 U.S.C. § 1374(b). This section provides as follows:

(b) No air carrier or foreign air carrier shall make, give, or cause any undue or unreasonable preference or advantage to any particular person * * * in air transportation in any respect whatsoever or subject any particular person * * * to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever.

The statute does not specifically authorize a civil action as a remedy for violations of its provisions and it is the defendant's position that none can be implied.

■ Jurisdiction exists here by reason of 28 U.S.C. § 1337. That section grants original jurisdiction to the district courts "of any civil action or proceeding arising under any Act of Congress regulating commerce * * *." There is no minimum jurisdictional amount. Peyton v. Railway Express Agency, 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525 (1942); Bloomfield S. S. Co. v. Sabine Pilots Ass'n, 262 F.2d 345 (5th Cir.1959); Lyon v. Atlantic Coast Line R. R., 224 F.Supp. 1014 (D.C.S.C. 1964). Since the Federal Aviation Act is a Congressional Act regulating commerce there can be no doubt that 28 U. S.C. § 1337 provides a proper jurisdictional basis for this action. Fitzgerald v. Pan American World Airways, 229 F. 2d 499, 502 n. 4, 5 (2d Cir.1956); East Haven v. Eastern Airlines, Inc., 282 F. Supp. 507, 513 (D.C.Conn.1968); Killian v. Frontier Airlines, Inc., 150 F.Supp. 17, 18 (D.C.Wyo.1957).

■■ The implication of a civil remedy from the provisions of this Act has been characterized, and properly so, as a question regarding the statement of a claim for which relief can be granted. Yelinek v. Worley, 284 F.Supp. 679 (E. D.Va.1968); Moungey v. Brandt, 250 F.Supp. 445 (W.D.Wis.1966). Both *Yelinek* and *Moungey* were cases in which the amount in controversy exceeded the jurisdictional requirements of 28 U.S.C.

§ 1331(a) and consequently federal question jurisdiction existed in that the controversy arose under the laws of the United States within the meaning of that section. Having established an independent jurisdictional basis here also, the question becomes whether a civil remedy is available for an alleged breach of a provision of the Federal Aviation Act. It is the opinion of this Court that such a remedy does exist.

The implication of a remedy from a regulatory statute is well known to the law. Steele v. Louisville & Nashville R. R., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, Ocean Lodge No. 76, 323 U.S. 210, 65 S. Ct. 235, 89 L.Ed. 187 (1944); Reitmeister v. Reitmeister, 162 F.2d 691 (2d Cir.1947); Roosevelt Field Inc. v. Town of North Hempstead, 84 F.Supp. 456 (E.D.N.Y.1949); Neiswonger v. Goodyear Tire & Rubber Co., 35 F.2d 761 (N.D.Ohio 1929). Perhaps the most prolific source of such precedent is under the securities legislation. However, whether relief should be granted in a particular case requires the examination of a number of factors, not the least of which are the intent of Congress, the availability of alternative remedies, state or administrative, and the desirability of uniform enforcement.

The legislative history of this Act is of little assistance in determining whether a private civil remedy was contemplated for the enforcement of its provisions. The statute itself states that "[t]here is recognized and declared to exist in behalf of any citizen of the United States a public right of freedom of transit through the navigable airspace of the United States," 49 U.S.C. § 1304, and provides criminal penalties for those who violate many of its provisions including the one in question. 49 U.S.C. § 1472. It is further stated that the "promotion of adequate, economical, and efficient service by air carriers at reasonable charges, without unjust discriminations, undue preferences or advan-

tages * * *" are matters within the public interest. 49 U.S.C. § 1302(c).

At least two cases have held that a private civil remedy can be implied from this section of the Federal Aviation Act. Fitzgerald v. Pan American World Airways, 229 F.2d 499 (2d Cir.1956); Wills v. Trans World Airlines, Inc., 200 F. Supp. 360 (S.D.Cal.1961). In *Fitzgerald* it was held that a complaint alleging racial discrimination on the part of the defendant airline stated a claim for which relief could be granted under 49 U.S.C. § 1374. There, at page 501, the Second Circuit reiterated its statement in Reitmeister v. Reitmeister, 162 F.2d 691, 694 (2d Cir.1947):

> Although the Act does not expressly create any civil liability, we can see no reason why the situation is not within the doctrine which, in the absence of contrary implications, construes a criminal statute, enacted for the protection of a specified class, as creating a civil right in members of the class, although the only express sanctions are criminal. (Citations omitted.)

The *Wills* case was substantially the same as the present case. There the plaintiff, holding confirmed second class reservations, was barred from the flight in order to accommodate an excess of first class passengers. The court allowed recovery of compensatory and punitive damages.

In both *Fitzgerald* and *Wills* the basis for allowing recovery was that the Act established a public interest and right to non-discriminatory and fair treatment by air carriers and that in the absence of a civil remedy past injuries caused by violation of that right would go uncompensated. Besides criminal sanctions, the Act provides for the entry of appropriate orders by the Civil Aeronautics Board, after notice and hearings in any investigation instituted upon complaint, to compel compliance with the provisions of the statute. 49 U.S.C. § 1482. The administrative remedy thus being prospective, it was judged appropriate and necessary to imply a private civil action, remedial in nature. The court in *Wills* stated at page 364:

> Without judicial intervention to redress past violations of the statute, the rights of air passengers, as declared in the Act, to travel without undue preference or unjust discrimination would be robbed of vitality and the purposes of the Act substantially thwarted. It cannot be presumed, nonetheless, that the Congress intended no relief for past infringement of the Federal rights of air passengers there declared. (Citations omitted.) Indeed, "where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief." [Bell v. Hood, 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946).]

It is equally important to note the considerations of federal interest which contribute to the desirability of implying a federal remedy from this regulatory statute. The basic setting for civil rights and anti-discrimination legislation and enforcement has been federal to guarantee uniform application and enforcement of those rights and to avoid adverse effect of local interest or absence of state remedy. In addition we have here the substantially interstate character of the activity which contributes to the need for federal cognizance and the importance of uniformity of result. In short, this Court considers it well established, and rightly so, that a civil remedy exists under 49 U.S.C. § 1374.

The defendant relies heavily on Moungey v. Brandt, 250 F.Supp. 445 (W.D. Wis.1966). The reliance on this and similar cases is misplaced. In *Moungey* the plaintiff sought to recover for personal injuries which were alleged to have been caused by the defendants' negligence and their violation of several safety regulations promulgated by the Federal Aviation Agency pursuant to the Federal Aviation Act. The court rejected the argument that a civil remedy

could be implied from safety provisions of the statute and the regulations and found that the complaint failed to state a claim for which relief could be granted. The basis of the holding was the adequacy of common law tort remedies available in the state courts and the basic impracticality of developing a body of law in the federal courts for a federally created cause of action in tort. Important issues upon which the right to recover would depend, normally governed by familiar common law doctrines of tort, "could be dealt with in the federal district court only by the development of a body of common law rules paralleling, but quite possibly differing from, those of the state in which the federal court sits." Moungey v. Brandt, 250 F.Supp. at 452. The court could find no compelling national interest to justify such a result.

The court, however, distinguished the case before it from both *Wills* and *Fitzgerald*. With respect to the latter it was stated, 250 F.Supp. at page 452:

Plaintiff's principal reliance is on *Fitzgerald,* supra. There were factors, noted in the opinion of the Court of Appeals, which significantly distinguish the case from ours. The issue arose under the economic regulation sections of the Federal Aviation Program (49 U.S.C., Secs. 1371–1387), rather than the safety regulation sections as here.

The court went on to note at page 453:

To vindicate the national interest in the "public right of freedom of transit", declared in 49 U.S.C., Sec. 1304, it may well have been necessary to fortify the criminal sanction (see 49 U.S.C., Sec. 1472) attaching to a violation of 49 U.S.C., Sec. 1374(b), by inferring a civil remedy enforcible in a federal district court.

With respect to implication of a remedy under section 1374(b) of the Federal Aviation Act the defendant has cited no case, nor has diligent search revealed one, which supports their position.

There exists, however, an important question under the facts of this case concerning the availability of this remedy to persons who have suffered damages as a result of being barred from an oversold flight. In 1967, six years after the decision in Wills v. Trans World Airlines, supra, regulations were promulgated by the Civil Aeronautics Board which provide for the payment of denied boarding compensation. 14 C.F.R. Part 250. Sections 250.4 and 250.5 provide as follows:

§ 250.4 Filing of denied boarding compensation tariffs.

Subject to the exceptions provided in § 250.6, every carrier shall file tariffs providing compensation to a passenger holding confirmed reserved space who presents himself for carriage at the appropriate time and place, having complied fully with the carrier's requirements as to ticketing, check-in and reconfirmation procedures and being acceptable for transportation under the carrier's tariff, and the flight for which the passenger holds confirmed space is unable to accommodate the passenger and departs without him.

§ 250.5 Amount of denied boarding compensation.

Subject to the exceptions provided in § 250.6, the tariffs required by this part shall provide for compensation to be paid a passenger holding confirmed reserved space, as described in § 250.-4, at the rate of 100 percent of the value of the first remaining flight coupon with a $25 minimum and a $200 maximum.

The defendant contends that these regulations have robbed the Wills case of its vitality. It is suggested that the implication of a remedy here would be contradictory to the remedy provided by the Civil Aeronautics Board and would allow recovery in amounts and in situations which the Board intended no recovery. Since the regulations providing for denied boarding compensation con-

tain exceptions which deny compensation in certain circumstances,[1] it is argued that allowing this action would frustrate the purpose of the regulations and create a legal anomaly by providing a remedy to persons who do not qualify for compensation under the regulations.

For two reasons, this Court does not agree. First the basis of this action is not breach of contract of carriage, which is the basis of denied boarding compensation, but rather violation of the anti-discrimination and preference section of the Federal Aviation Act. Denied boarding compensation is payable to a passenger, who does not fall within the exceptions noted, regardless of whether he has been the victim of discrimination or undue preference. If, for example, a flight is inadvertently oversold the passenger with the least priority, who is barred from the flight, is entitled to denied boarding compensation, if no substitute passage can be arranged within the limits of the regulations, 14 C.F.R. § 250.6(b), even though no discriminatory or unfair treatment has been practiced against him.

The civil action that was recognized in Fitzgerald v. Pan American World Airways, *supra*, Wills v. Trans World Airlines, *supra,* and which is recognized here permits recovery of damages for violation of 49 U.S.C. § 1374(b). That section prohibits "any undue or unreasonable preference or advantage to any particular person * * in any respect whatsoever" and the subjecting of any person "to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever." This remedy is not equivalent to or an expansion of denied boarding compensation under the regulations. It provides redress for injury caused by discrimination, disadvantage or undue preference whether racially, religiously or economically motivated or that results from the carrier's disregard for its own priority rules[2] or from the fact that those rules are in themselves discriminatory.

In order to succeed in an action under this section it must be alleged, as it is here, and proven that the plaintiff's right to fair, equal and non-discriminatory treatment has been violated.

Secondly, the denied boarding compensation provided for in the regulations was not intended to be the exclusive remedy for damages resulting from being barred from a flight. Section

---

1. § 250.6 Exceptions to eligibility for denied boarding compensation. A passenger shall not be eligible for denied boarding compensation if:

(a) The flight for which the passenger holds confirmed reserved space is unable to accommodate him because of (1) Government requisition of space; or (2) substitution of equipment of lesser capacity when required by operational and/or safety reasons; or

(b) The carrier arranges for alternate means of transportation, which, at the time such arrangement is made, is planned to arrive at the passenger's next point of stopover earlier than, or not later than two hours after, the time the flight, for which confirmed reserved space is held, is planned to arrive in the case of interstate and overseas air transportation, or 4 hours after such time in the case of foreign air transportation; or

(c) The passenger is accommodated on the flight for which he holds confirmed reserved space, but is offered accommodations or is seated in a section of the aircraft other than that specified in his ticket at no extra charge: *Provided,* That a passenger seated in a section for which a lower fare is charged shall be entitled to an appropriate refund.

2. § 250.3 Priority rules
Every carrier shall establish priority rules and criteria for determining which passengers holding confirmed reserved space shall be denied boarding on an oversold flight. Every carrier shall file with the Board two copies of such rules and criteria, including that portion of its company manual instructing employees in the order of boarding priorities in case of an oversold flight. Such rules and criteria shall not make, give or cause any undue or unreasonable preference or advantage to any particular person or subject any particular person to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever.

250.7 of the regulations provides as follows:

§ 250.7 Denied boarding compensation as liquidated damages.

The tariffs required by this part shall specify that the carriers will tender, on the day and place the denied boarding occurs, compensation in the amount specified above, which, if accepted by the passenger, shall constitute liquidated damages for all damages incurred by the passenger as a result of the carrier's failure to provide the passenger with confirmed reserved space.

■ It is clear from the regulation that the availability of denied boarding compensation is no bar to an action for damages if the tender is not accepted, as is the case here. Whatever the theory of such action may be—breach of contract, common law tort or a section 1374(b) violation—if the plaintiff was eligible for denied boarding compensation, and acceptance of it was declined, the regulation would not be a bar to suit. Since in this case jurisdiction can be founded only on a section 1374(b) claim, the issue of priorities is the only matter in question.

■■ We turn, finally, to the question of the precise remedies available. The prayer for relief includes compensatory and punitive damages and an injunction. Injunctive relief is clearly inappropriate. The Federal Aviation Act provides for the filing of a complaint with the administrative agency which has the duty to investigate the matter and, where justified, issue an order compelling future compliance with the provision of the statute. 49 U.S.C. § 1482. In the absence of the exhaustion of the administrative remedy provided by Congress, which includes any appeal of a Board order which must be taken to the United States Court of Appeals, 49 U.S.C. § 1486(a), this Court will not entertain any claim for equitable relief. See Wills v. Trans World Airlines, 200 F. Supp. at 365–366.

■ With respect to punitive damages, the Court will only note at this time that deterring similar acts in the future is of little significance in justifying their award since administrative relief is available to insure that end. This is not to say, however, that punitive damages would never be available. They may be appropriate where the facts justify such action or where necessary to provide a meaningful remedy for serious disregard for civil rights.

For the reasons stated above, the motion to dismiss should be, and the same is hereby ordered denied.