In the Matter of the Arbitration of Certain Differences Between **AAACON AUTO TRANSPORT, INC.,** Petitioner,

and

Orvell **TEAFATILLER** and Ruth Teafatiller, Respondents.

No. 71 Civ. 4605.

United States District Court,
S. D. New York.

Dec. 1, 1971.

Michael G. Ames, Zola & Zola, New York City, for petitioner.

Orvell Teafatiller and Ruth Teafatiller, pro se.

## MEMORANDUM

BRIEANT, District Judge.

Petitioner AAACon Auto Transport, Inc., seeks an Order to compel arbitration of a controversy with respondents Teafatiller. The relief has been sought by petition to compel arbitration, pursuant to Title 9 U.S.C. § 4, which was served by mail, together with a "notice of motion to compel arbitration", on respondents who reside in California. The notice of motion herein, served by mail was the only process issued to initiate these proceedings.

Petitioner, a New York corporation, is a motor carrier, duly licensed by the Interstate Commerce Commission, to transport privately owned automobiles in interstate commerce. Respondents, on April 8, 1970, shipped their pick-up truck from Hurst, Texas to San Jose, California via petitioner. The freight tariff was $125.00, of which it is claimed $50.00 remains unpaid. A "freight bill-order form" was signed by the respondent, Ruth E. Teafatiller, one of the joint registered owners of the vehicle. The freight bill-order form contains the words "subject to the terms and conditions of carrier's bill of lading". The vehicle was apparently stolen in Dallas, while in the hands of the carrier.

Carrier's bill of lading contains a provision which reads "any claim or controversy, whether founded in contract or tort, arising out of or relating to this agreement or the performance or breach thereof, is non-assignable and shall be settled by arbitration in the City, County and State of New York". An agreement to arbitrate need not be signed by the party to be charged. The statute merely requires that the arbitration provision itself be in writing. 9 U.S.C. §§ 1–14; Fisser v. International Bank, 282 F.2d 231 (2nd Cir. 1960).

This Court has jurisdiction over the subject matter of the litigation although neither the amount of freight claimed as unpaid nor the value of the truck lost approach the sum of $10,000.00. 28 U.S.C. § 1337. Peyton v. Railway Express Agency, Inc., 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525; Bernstein Bros. Pipe and Machinery Co. v. Denver & R. G. W. R. Co., 10 Cir., 193 F.2d 441. Because the Court would have jurisdiction in a civil action of the subject matter of a suit arising out of the non-delivery by the carrier, or to collect the unpaid freight balance claimed, the Court also has jurisdiction under 9 U.S.C. § 4 to make an Order directing that arbitration proceed in the manner required in the contract of carriage.

Respondents object to the method of service. They point out that no summons was issued in this Court, and that the "notice of motion to arbitrate" was served upon them by mail in California. As stated by this Court in Trade and Transport, Inc. v. Directorate General of Commerce, Saigon, D. C., 310 F.Supp. 463 (Croake, J. 1969):

"The question of service in a case involving a petition to compel arbitration has been previously dealt with by the courts. In such cases it has been

firmly established that by agreeing to arbitrate in New York, as the parties so agreed by the arbitration clause in the present case, a party makes himself as amenable to suit as if he were physically present in New York.

(Citations Omitted)

\* \* \* \* \* \*

The Court further held in Victory Transport Inc. v. Comisaria General [336 F.2d 354 (2nd Cir. 1954)] that Rule 4(d) (7) of the Federal Rules of Civil Procedure permits the use of the State method in serving process to compel specific performance of an arbitration agreement and that service of process is significant only to the extent of avoiding a violation of due process."

The process employed in this case follows the authorized State of New York method to initiate a special proceeding to compel arbitration. CPLR § 7502.

Respondents' motion that the case "be summarily dismissed for lack of jurisdiction" is accordingly denied. Alternatively, respondents ask that the case be transferred to the Northern District of California. No purpose is to be served by such transfer. Having selected New York as the place for arbitration, the venue of the application to compel arbitration in New York is proper. No issue of fact appears to exist with respect to the agreement to arbitrate, and the claims of fraud may be decided by the arbitration. Respondents have a good claim for non-delivery. The only issue is one of damages, which the Court believes will be no more or less than could be recovered in an action for fraud.

Respondents apparently have an action pending in the Superior Court of Santa Clara County, California. There, they also sue the driver of the truck and persons unknown. Such action was apparently removed to the Federal Court in the Northern District of California and thereafter remanded. It does not appear that the issue of the right to arbitrate was determined while the matter was pending in that Federal Court, or that the right to arbitrate has been litigated adversely to petitioner in the State Courts of California.

The motion for an Order pursuant to Title 9 U.S.C. § 4 directing that arbitration be compelled in the manner provided for such arbitration in the agreement annexed to the notice of motion and petition herein, is granted.