**In the Matter of the Arbitration of Certain Differences between AAACON AUTO TRANSPORT, INC., Petitioner,**

v.

**Bernard J. KLEE, Respondent.**

**No. 72 Civ. 4208.**

United States District Court,
S. D. New York.

March 9, 1973.

---

Zola & Zola, New York City, for petitioners; Michael G. Ames, New York City, of counsel, for petitioner.

Colin M. Clark, Denver, Colo., for respondent.

MEMORANDUM DECISION

ROBERT L. CARTER, District Judge.

Petitioner seeks to compel arbitration pursuant to a service contract entered into with respondent.

AAACON Auto Transport, Inc. is a motor carrier licensed by the Interstate Commerce Commission to transport privately owned automobiles in interstate commerce.[1] On January 5, 1972, Mr. Bernard Klee employed AAACON to transport a car from Tacoma, Washington to Denver, Colorado. The agreement between the parties was contained in a document entitled "Freight Bill—Order Form" which was a blank form with space for the insertion of relevant information such as a description of the automobile, the date and location of pick-up and delivery. This document also had a space for the car owner's signature and immediately above the space for the signature, printed in relatively large type, was the notice "Subject to and Incorporating All Provisions of Carriers Bill of Lading." The respondent signed the Freight Bill, although he apparently did not immediately receive a copy of the Bill of Lading.

During the course of the transport some damage was incurred which is the subject of the current dispute. The parties apparently could not informally agree as to the proper amount to recompense respondent for his loss, and Klee therefore instituted an action at law in Colorado demanding damages from petitioner. AAACON here asserts however that the Bill of Lading contained an arbitration agreement[2] and petitioner in this action seeks to compel arbitration.

The subject matter jurisdiction of the court over the issue here in question derives from 9 U.S.C. § 4 which provides that

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."

The statute further directs that if the "making of the agreement for arbitration or the failure to comply therewith is not in issue" then the court shall direct that arbitration proceed. However, "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4.

Inasmuch as this suit involves a common carrier licensed by the ICC the court would, absent the arbitration agreement, have jurisdiction under 28 U.S.C. § 1337, 49 U.S.C. § 20(11), Peyton v. Railway Express Agency, Inc., 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525 (1942).

The respondent contends that the circumstances under which he signed the Freight Bill which attempted to incorporate by reference to the Bill of Lading "constitutes a fraudulent scheme on the part of the Petitioner to defraud the Respondent out of money justly due and owing to him from the Petitioner." Memorandum Brief in Opposition, p. 5. Respondent claims that where (1) the contents of the Bill of Lading were not made known to respondent at the time he signed the agreement, (2) he did not receive a copy of the Bill of Lading for three months after the contract was entered into, (3) he was unfamiliar with the law of interstate shipments, bills of lading and agreements to arbitrate and (4) petitioner was fully aware of respondent's lack of sophistication in these matters, then it must be concluded "that there exists no agreement to arbitrate" *Id.* at 6.

---

1. Petitioner holds certificate #MC–125808.

2. The Bill of Lading provides in pertinent part:
   "Any claim or controversy, whether founded in contract or tort, arising out of or relating to this agreement or performance or breach thereof . . . shall be settled by arbitration in New York City."

The Supreme Court has set forth the role of the federal courts when acting under 9 U.S.C. § 4. Basically it has ruled that "if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403–404, 87 S.Ct. 1801, 1806, 18 L. Ed.2d 1270 (1967). In this case respondent claims that the fraud went specifically, if not exclusively, to the arbitration clause. This court therefore is charged with the determination of whether an agreement to arbitrate was properly entered into.

Respondent questions whether the court has acquired personal jurisdiction over him. Service was made upon the respondent by way of registered mail pursuant to the terms of the Bill of Lading which provided that the "shipper [Klee] consent[s] to the personal jurisdiction of New York State and Federal Courts, and to service of process upon . . . shipper . . . by certified mail . . .." Petitioner relies upon Rule 4(d)(7), Federal Rules of Civil Procedure, to support its method of service and that Rule looks to state law. If respondent had agreed to this manner of service it would unquestionably be valid. As the court said in Petrol Shipping Corp. v. Kingdom of Greece, 360 F.2d 103, 107 (2d Cir.) cert. denied, 385 U.S. 931, 87 S.Ct. 291, 17 L.Ed.2d 213 (1966) under the law of New York "consent to jurisdiction includes consent to service by any method consistent with due process." See also Hamilton Life Ins. Co. of New York v. Republic National Life Ins. Co., 408 F.2d 606 (2d Cir. 1969), Lawn v. Franklin, 328 F. Supp. 791 (S.D.N.Y.1971).

In this case the respondent admits that he did in fact receive actual notice by way of registered mail. Such notice however would be effective in securing

in personam jurisdiction only if Klee had consented to the jurisdiction of this court. Obviously whether or not such an agreement was entered into raises the same questions as whether or not there is a validly binding arbitration agreement between the parties.

This court has power pursuant to Rule 12(d), Federal Rules of Civil Procedure, to conduct a hearing to determine whether there is an adequate basis of jurisdiction over the respondent. The jurisdictional issue revolves around whether Klee agreed to the terms of the Bill of Lading. Inasmuch as this is precisely the issue involved in the question of whether there was an agreement to arbitrate, the matter is set down for hearing at 10 A.M. on March 22, 1973 for consideration of all the issues involved.

So ordered.