**AAACON AUTO TRANSPORT, INC.,**
Petitioner-Appellant,

v.

**Florence NINFO, Respondent-Appellee.**

**No. 119, Docket 73-1986.**

United States Court of Appeals,
Second Circuit.

Submitted Nov. 20, 1973.

Decided Jan. 2, 1974.

Ralph J. Zola, New York City (Zola & Zola, New York City), for petitioner-appellant.

Earl J. Kuehl, Milwaukee, Wis., for respondent-appellee.

Before LUMBARD, MANSFIELD and MULLIGAN, Circuit Judges.

PER CURIAM:

The petitioner-appellant, Aaacon Auto Transport, Inc. (Aaacon), is a motor carrier authorized and licensed by the Interstate Commerce Commission to transport privately owned automobiles throughout the United States. On or about June 3, 1970, Aaacon entered into a bill of lading agreement with the respondent-appellee, Florence Ninfo, a resident of Milwaukee, Wisconsin, whereby Aaacon agreed to transport her Chevrolet Camaro from California to Wisconsin, subject to the conditions contained in the agreement. On August 16, 1971, Ninfo commenced an action against Aaacon in the Circuit Court of Milwaukee County, State of Wisconsin, claiming that her automobile was damaged in transport. On October 2, 1972 Aaacon petitioned the United States District Court, Southern District of New York, for an order, pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, directing the parties to arbitrate in accordance with a clause in the agreement which provides:

> Any claim or controversy, whether founded in contract or tort, arising out of or relating to this agreement or the performance or breach thereof . . . shall be settled by arbitration in the City, County and State of New York . . . .

Ninfo moved to dismiss the proceedings, or alternatively for an order assigning the matter to the United States District Court, Eastern District of Wisconsin, on the ground of forum non conveniens. On May 14, 1973, the Hon. Constance Baker Motley, United States District Judge, granted the Ninfo motion to change venue and denied the petitioner's motion without prejudice to renewal of the motion in the transferee court. This is an appeal from the order.

■■ An order transferring a case for trial to another district pursuant to 28 U.S.C. § 1404(a) is a non-appealable interlocutory order. D'Ippolito v. American Oil Co., 401 F.2d 764 (2d Cir. 1968) (per curiam). An order staying arbitration pending a trial on the validity of the agreement to arbitrate is also a non-appealable interlocutory order. Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d 80, 84–86 (2d Cir. 1961), cert. denied, 368 U.S. 986, 82 S. Ct. 601, 7 L.Ed.2d 524 (1962); John Thompson Beacon Windows, Ltd. v. Ferro, Inc., 98 U.S.App.D.C. 109, 232 F.2d 366 (1956); see Greater Continental Corp. v. Shechter, 422 F.2d 1100, 1102–1103 (2d Cir. 1970).

In the memorandum opinion below, the court indicated that the Ninfo affidavit in opposition to the Aaacon motion "suggests" that there is a question as to whether or not the agreement was ever entered into, or if it was, whether Ninfo realized that it called for arbitration of all disputes in New York County since the provision appeared inconspicuously toward the end of the boilerplate of the shipper's standard form which might render it invalid as against public policy. The court concluded that this presented issues of fact which need not be decided here, but could be resolved in the more convenient federal forum in Wisconsin. 9 U.S.C. § 4, however, provides in pertinent part:

The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

■ Since the agreement on its face provides for arbitration in New York and since the petition was filed in the Southern District of New York, the statute mandates that the court below proceed summarily to a trial of the issues as to the making of the agreement. Aaacon Auto Transport, Inc. v. Teafatiller, 334 F.Supp. 1042, 1044 (S.D.N.Y. 1971); Lawn v. Franklin, 328 F.Supp. 791, 793 (S.D.N.Y.1971). It follows that the court below, lacked the power to order the transfer of the case to Wisconsin. See Farrell v. Wyatt, 408 F.2d 662, 664–665 (2d Cir. 1969). The proper procedure for Aaacon therefore was to seek mandamus.

This court has generally declined to consider an appeal from a non-appealable order as a petition for mandamus. However, there is precedent in an appropriate case to treat the appeal as a motion for leave to file a petition for mandamus. "An expression of this court's views on such a motion would generally obviate any need for a petition or writ, while still leaving it open to the judge to await a formal petition in the rare case where he wishes to be heard." International Products Corp. v. Koons, 325 F.2d 403, 407 (2d Cir. 1963). See also Western Geophysical Co. v. Bolt Associates, 440 F.2d 765, 769 (2d Cir. 1971).

We therefore suggest that the district court proceed to try the issue of the validity of the agreement of arbitration. If this is not done, the appellant may apply for a writ.

Appeal dismissed. Costs are taxed against the appellant.