In the Matter of Arbitration between
**MARIA VICTORIA NAVIERA, S.A.,**
Petitioner-Appellee,

v.

**CEMENTOS DEL VALLE, S.A.,**
Respondent-Appellant,

and

**Materiales Los Alpes, S.A., Respondent.**

**No. 797, Docket 84–7610.**

United States Court of Appeals,
Second Circuit.

Argued March 6, 1985.
Decided April 4, 1985.

Harold F. McGuire, Jr., New York City (Arthur V. Nealon, Jeffrey A. Kehl, Terri E. Simon, and McGuire & Tiernan, New York, N.Y., on the brief), for respondent-appellant.

Eugene J. O'Connor, New York City (William L. Juska, Jr., and Freehill, Hogan & Mahar, New York, N.Y., on the brief), for petitioner-appellee.

Before TIMBERS, NEWMAN and KEARSE, *Circuit Judges.*

TIMBERS, Circuit Judge:

Cementos del Valle, S.A. appeals from an order entered in the Southern District of New York, Mary J. Lowe, *District Judge*, on June 18, 1984, granting the petition of Maria Victoria Naviera, S.A. to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 4 (1982), of a claim under a maritime charter party, and denying the motion of Cementos del Valle, S.A. to dismiss the petition. We affirm.

On October 15, 1982, Maria Victoria Naviera, S.A. (appellee) filed a petition in the Southern District of New York under 9 U.S.C. § 4 to compel Cementos del Valle, S.A. (appellant) and Materiales Los Alpes, S.A. (collectively, respondents) to arbitrate disputes concerning liability for outstanding freight and loading port/discharge port demurrage, detention, extra expenses and all consequential damages incurred on two voyages under a contract of charter party, totaling in excess of $1.2 million in damages. Appellee, a Panamanian corporation, owns the charter party vessel, the M/V KRETAN SPIRIT. Appellant, a Costa Rican cement manufacturer, entered into an agreement to sell cement to Materiales Los Alpes, a Mexican corporation. On or about September 23, 1981, appellant and Materiales Los Alpes co-chartered the M/V KRETAN SPIRIT for certain voyages for the carriage of cement from Costa Rica to Mexico. The first voyage under the charter party was completed. The facts concerning the alleged completion of the second voyage are in dispute.

In response to appellee's petition, Materiales Los Alpes appointed an arbitrator. On March 21, 1983, after appellant had failed to appoint an arbitrator and had indicated that it was unwilling to join in the appointment of the arbitrator selected by its co-charterer, appellee filed a motion to "compel arbitration". Appellee moved the court for an order directing the respondents to jointly appoint an arbitrator, and disqualifying the arbitrator appointed by Materiales Los Alpes. On April 20, 1983, appellant filed a cross-motion to dismiss the petition on the ground of lack of personal and subject matter jurisdiction. In its accompanying briefs, appellant also contended that application of the doctrine of forum non conveniens required the district court to dismiss the petition. On June 29, 1983, the court ordered appellant to submit to the jurisdiction of the court for the purpose of enforcing the agreement to arbitrate and

determining its scope. Thereafter, appellant filed an answer to the petition, admitting that on or about September 23, 1981 it entered into a charter party, along with Materiales Los Alpes, to charter the M/V KRETAN SPIRIT. Appellant alleged, however, that the charter party did not embody the entire agreement among the parties; that appellant did not charter the vessel, or ship any of its cement on the vessel on its second voyage; that arbitration under the charter party was limited to general average disputes and disputes arising out of perils covered by standard protective clauses incorporated in the charter party; and that the district court should decline to exercise its jurisdiction under the doctrine of forum non conveniens.

At a hearing on October 7, 1983, the court determined that the arbitration clause of the charter party was sufficiently ambiguous to require a trial to determine whether the parties' dispute was governed by the agreement to arbitrate. On October 12, 1983, the court ordered the parties to submit a letter regarding their ability to secure the appearance at trial, or the deposition testimony, of the broker who negotiated the charter party, Agencias Maritimas, S. de R.L. (Agenmar). Agenmar had arranged the sale of the cement by appellant to Materiales Los Alpes, and its transport by appellee. Agenmar's status as a mutual broker for all the parties, or as an agent for only one of them, is disputed. The parties informed the court by letter that Agenmar's representative would not voluntarily appear, could not be compelled to appear, and could not be deposed in Costa Rica. They stated that written interrogatories were a possibility, but neither party made use of them. Appellee also contended that Agenmar was not an indispensable witness for a trial on the scope of the agreement to arbitrate since, inter alia, the arbitration clause was based on a clause taken from an earlier charter party, and was not negotiated by the parties.

On June 12 and 13, 1984, a trial was held on the scope of the agreement to arbitrate. Materiales Los Alpes did not appear. At trial, appellant contended that the arbitra-

tion clause of the charter party was narrow in scope; that appellant was relieved from any obligation to arbitrate, and any liability for, post-loading damages by virtue of another document (the "side agreement") which purportedly modified the charter party; and that appellant was relieved from any obligation to arbitrate damages related to the second voyage by its alleged cancellation of the charter party and refusal to ship any of its cement on the vessel's second voyage. Appellant attempted to raise the issue of forum non conveniens, but the court stated summarily that "that will certainly be denied." Appellant testified that it executed the charter party and the side agreement on October 2, 1981. The court found that the terms of the charter party were fixed on September 22, 1981, by a telex sent to appellee's representative in New York by Agenmar, and that appellant had failed to establish that the side agreement modified the agreement to arbitrate contained in the charter party. The court further found the arbitration clause of the charter party so broad in scope as to cover all disputes arising under the charter party, and held that all other issues were to be arbitrated. On June 18, 1984, the court granted appellee's petition to compel arbitration, and denied appellant's motion to dismiss the petition. On July 16, 1984, appellant filed its notice of appeal from the court's order. The appeal was withdrawn on October 2, 1984, but was reinstated on December 14, 1984.

At issue on appeal are the court's determination that the agreement to arbitrate covered the underlying dispute, and its decision not to dismiss the petition to compel arbitration on the ground of forum non conveniens.

I.

■ We hold that there is no real issue as to the scope of the agreement to arbitrate contained in the charter party. The evidence presented at trial was overwhelmingly in support of the court's finding that

the agreement was unlimited as to the disputes it encompassed.

■ Appellant, however, contends that the agreement to arbitrate contained in the charter party was modified by a side agreement it executed on October 2, 1981. The court found that the terms of the charter party were fixed by telex on September 22, 1981, and that the agreement to arbitrate was incorporated therein by reference to the terms of another agreement used in drafting the charter party. It also found that the parties began to perform on or after the fixture date in accordance with the fixture. The court stated that the side agreement would not be found to change the terms of the fixture unless there was proof by a preponderance of the evidence that the signatories to the charter party agreed to the subsequent modification. It then proceeded to determine the scope of the arbitration agreement solely from the terms of the charter party, implicitly finding that appellant had failed to bear its burden of proof with respect to the side agreement.

Appellant does not dispute the authenticity of the telex or that the agreement to arbitrate referred to therein is substantially the same as the one contained in the charter party. Appellant contends that the court's finding that the terms of the agreement were fixed by the telex of September 22, 1981 is erroneous since there is no evidence that appellant knew a telex copying the terms of the charter party was sent to appellee on September 22, 1981. Mr. Aguilar, appellant's general manager in 1981, testified that he received a copy of the charter party on September 22 or 23, 1981. Appellant does not deny that the charter party called for the vessel to unload in Guayaquil on September 23, 1981, and to arrive, ready to load, in Caldera, Costa Rica, on approximately September 28, 1981. Mr. Aguilar testified that the M/V KRETAN SPIRIT had arrived in Costa Rica and commenced loading by October 2, 1981, the date appellant executed the charter party and side agreement. Since appellant cannot claim that it did not know

that the charter party called for appellee to commence performance on or after September 23, 1981, and that appellee did so, we hold that the court did not err in finding that the terms of the charter party were fixed prior to the execution of the side agreement on October 2, 1981.

■ Nor did the court err in finding that there was insufficient evidence that the signatories to the charter party intended the side agreement to modify the agreement to arbitrate contained in the charter party. Neither the charter party nor the side agreement refers to each other. The side agreement speaks of the sale of 180,-000 tons of cement by appellant to Materiales Los Alpes and the arrangement by Agenmar for the transport of the cement. The charter party, however, refers to only six voyages of 5,000 tons of cement each. The side agreement does not name appellees or the M/V KRETAN SPIRIT. There is no indication in the document that Agenmar signed in a representative capacity for any party. While Mr. Aguilar testified that the side agreement was intended to limit appellant's liability for damages incurred after the vessel was loaded, there is no testimony that the side agreement was intended to limit appellant's obligation to arbitrate under the charter party. Whatever may be the effect of the side agreement upon the limitation of appellant's liability as determined by an arbitrator, it clearly is ineffective to modify appellant's obligation to arbitrate since it in no way purports to do so.

■ Appellant also contends that it should be relieved of its obligation to arbitrate disputes arising under the charter party by its alleged unilateral cancellation of the charter party after the first voyage and by its alleged refusal to ship any of its cement on the second voyage. Mr. Aguilar testified that he told Agenmar's representative after the first voyage that appellant wished to have no further dealings with appellee, but appellee's representative was not present when the statement was made. Appellee contends that it had no notice of appellant's attempted cancellation of the

charter party and that appellant's liability as a charterer is not affected by its alleged failure to ship its cement on the second voyage under the charter party. Since the district court correctly held that the agreement to arbitrate was unlimited in scope, it properly deferred to the arbitrator for the determination of these issues. In an action to compel arbitration, the function of the court is limited to determining whether there is an agreement to arbitrate the underlying dispute and, if so, whether the agreement to arbitrate has been breached. Where the scope of the agreement is unlimited, issues addressed to the liability of the parties and to the cancellation of the underlying agreement, rather than the agreement to arbitrate, are to be determined by the arbitrator. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967); *Wilson Wear, Inc. v. United Merchants & Mfrs., Inc.*, 713 F.2d 324, 327–28 (7 Cir.1983).

## II.

The district court did not err in denying appellant's motion to dismiss the petition to compel arbitration on the ground of forum non conveniens.

 When an action is commenced in a federal court where venue is properly laid, but a party contends that a more convenient forum exists in a foreign country, a district court may dismiss the action on the ground of forum non conveniens. The burden is on the defendant to establish that the action should be dismissed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Schertenleib v. Traum*, 589 F.2d 1156, 1160 (2 Cir.1978). Our standard of review of the decision of a district court on the issue of forum non conveniens is whether there has been a clear showing of an abuse of discretion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147, 158 (2 Cir.1980) (en banc); *Farmanfarmaian v. Gulf Oil Corp.*, 588 F.2d 880, 882 (2 Cir.1978). The district court in the instant case did not state its reasons for denying appellant's motion to dismiss appellee's pe-

tition on the ground of forum non conveniens. Appellant contends, however, that, rather than remand for a statement of the court's reasons, we should determine from the record now before us whether the court abused its discretion in refusing to dismiss the petition on the ground of forum non conveniens. In accordance with appellant's request, we shall do so.

 We hold squarely that district courts have the power to dismiss a petition to compel arbitration on the ground of forum non conveniens. *Acton Corp. v. Borden, Inc.*, 670 F.2d 377 (1 Cir.1982). To the extent that *Aaacon Auto Transport, Inc. v. Ninfo*, 490 F.2d 83 (2 Cir.1974), is relied upon as authority for the proposition that district courts lack the power to transfer an action on a petition to compel arbitration under 28 U.S.C. § 1404(a) (1982), or to dismiss an action on the ground of forum non conveniens, we believe that *Aaacon* is to be limited to the peculiar facts of that case, in view of the undoubted power of the district courts to dismiss as we have held above. As some of the district courts in our Circuit have recognized in the past, transferring an action under 28 U.S.C. § 1404(a), or dismissing it on the ground of forum non conveniens, is within the court's power, but is usually against the interests of justice when a petition to compel arbitration is brought in the same forum in which the parties have agreed to arbitrate. *See, e.g., Aaacon Auto Transport, Inc. v. Teafatiller*, 334 F.Supp. 1042, 1044 (S.D.N.Y.1971); *Lawn v. Franklin*, 328 F.Supp. 791, 793–94 (S.D.N.Y.1971); *Iberian Tankers Co. v. Terminales Maracaibo, C.A.*, 322 F.Supp. 73 (S.D.N.Y.1971) (dismissal for forum non conveniens).

 The Federal Arbitration Act, 9 U.S.C. § 4 (1982), provides that when a party is aggrieved by the failure of another to arbitrate under a written agreement for arbitration, it may petition the district court for an order to compel arbitration, and

> "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the fail-

ure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure ... to perform the same be in issue, the court shall proceed summarily to the trial thereof...."

The parties to an agreement to arbitrate in New York are presumed to have knowledge of the law governing federal arbitration in New York. That law, primarily the Federal Arbitration Act, provides for both enforcement of the agreement in the arbitral forum by a district court and resolution of issues concerning the making of the arbitration agreement. Implicit in an agreement to arbitrate is consent to enforcement of that agreement. Since appellant agreed to arbitrate in New York, it is deemed to have agreed that New York is a convenient forum not only for arbitration, but also for enforcement of the arbitration agreement, including a trial on the scope of that agreement under 9 U.S.C. § 4. Since the parties have agreed to arbitrate in New York, it cannot be said that appellee, in filing a petition in New York to compel arbitration in that forum, chose New York solely to harass appellant in a manner unnecessary to its own right to pursue its remedy, i.e., the enforcement of the agreement to arbitrate. Under the circumstances, appellant has failed to bear its burden of establishing that dismissal is warranted. *See Gulf Oil Corp. v. Gilbert, supra*, 330 U.S. at 508.

### III.

 Appellee requests that we award it double costs and attorneys' fees pursuant to Fed.R.App.P. 38. We hold that this appeal was not frivolous so as to require sanctions. The failure of the district court to file a written opinion, or to state any reasons on the record for refusing to dismiss the petition on the ground of forum

non conveniens, makes sanctions particularly inappropriate in this case.

For the reasons stated above, we affirm the order of the district court granting appellee's petition to compel arbitration and denying appellant's motion to dismiss the petition.

Affirmed.