The TOWNSHIP OF GREENWICH,
Plaintiff,

v.

MOBIL OIL CORPORATION and the
United States of America,
Defendants.

Civ. A. No. 80–0761.

United States District Court,
D. New Jersey.

Jan. 14, 1981.

---

Kenneth A. DiMuzio, Woodbury, N. J., for plaintiff.

Peter P. Green, Green & Lundgren, Haddonfield, N. J., Lawrence S. Coburn, Stephen J. Sundheim, Pepper, Hamilton & Sheetz, Philadelphia, Pa., for defendant Mobil Oil Corp.

Jerome B. Simandle, Asst. U. S. Atty., Trenton, N. J., Shelley D. Hayes, U. S. Dept. of Labor, Washington, D. C., for defendant United States of America.

## OPINION

GERRY, District Judge.

On March 1, 1980, a strike commenced at defendant Mobil Oil Corporation's refinery in Paulsboro, New Jersey. On March 4, 1980, representatives of plaintiff Township of Greenwich inspected the refinery site in response to Mobil's submission of 12 applications for building or use permits seeking approval for the temporary installation of trailers, to be used as sleeping quarters, on the refinery site for the duration of the strike. Thereafter, based upon the inspection and pursuant to the Township Zoning Ordinance and to the State Uniform Construction Act, N.J.A.C. 5:2.3–2.5 and 5:2.3–2.7(a)(1), plaintiff issued Mobil: (1) a Notice of Zoning Violation and Order to Vacate and Remove Trailers and (2) a Notice of Violation and Order to Vacate and Disconnect Utilities. To enforce these notices, plaintiff filed an action in the Superior Court of New Jersey, Gloucester County,

Chancery Division, seeking a temporary restraining order and permanent injunction prohibiting Mobil from using 17 trailers for occupancy and sleeping quarters in violation of certain requirements of the Township Zoning Ordinance and of the Plumbing and electrical requirements of the State Uniform Construction Code Act.

On the same date as the action was filed, March 17, 1980, defendant Mobil petitioned this court to remove the action on the basis of diversity jurisdiction. On March 19, 1980, Mobil amended its petition, asserting that the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.* preempted the Township's action and claiming jurisdiction for this question under 28 U.S.C. § 1331. The Township did not oppose removal and, on March 21, 1980, filed an amended complaint in this court, alleging that its action arises under the Occupational Safety and Health Act, with consequent federal question jurisdiction. The Township added a claim for declaratory relief, as to its rights under the Occupational Safety and Health Act, to its prayer for injunctive relief. In addition, the Township named the United States as a party defendant.

Sometime in April, 1980, the strike at Mobil's Paulsboro refinery ended. Mobil then disconnected and removed from its premises the trailers and ceased using its buildings as temporary sleeping quarters.

Because of the changes brought about by the conclusion of the strike, plaintiff Township admits that the first three counts of its complaint, seeking injunctive relief, have been rendered moot. However, plaintiff continues to seek a declaratory judgment regarding its rights to enforce the alleged safety violations by Mobil in this action.

Presently before the court are Motions to Dismiss by Defendant United States and by Defendant Mobil and a Motion for Summary Judgment by Plaintiff Township of Greenwich.

1. The Motion to Dismiss of the United States.

The United States has moved to dismiss the complaint as to it, because the complaint fails to state a federal cause of action. Plaintiff Township has asserted that it seeks, by this action, to enforce its laws, not to pursue a cause of action under the Occupational Safety and Health Act. Thus, plaintiff concedes that its action does not involve a federal question. Defendant Mobil insists that the action does "arise under" a federal statute (Occupational Safety and Health Act), and relies upon certain allegations in the complaint in support of its position (*see* Amended Complaint at 2). Mobil also argues in its brief that statements in the complaint that the health and safety of its workforce was endangered by the use of the trailers set forth a cause of action under the Occupational Safety and Health Act.

We must disagree with the characterization of this action advanced by defendant Mobil. The controversy here involves simply an action to enforce local zoning ordinances and the state construction code, initially by way of injunction (now moot) and through a declaratory judgment. Plaintiff's right to enforce its ordinance and the state code does not derive from nor is it in any way dependent upon the Occupational Safety and Health Act. Moreover, the Occupational Safety and Health Act does not provide plaintiff with any remedies with respect to the enforcement of the ordinances. In addition, no direct and unavoidable conflict of local and federal law appears on the face of the complaint as amended.

Plaintiff's claim must itself present a federal question "unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914). In the instant case, however, federal law is not a direct element of plaintiff's claim, as required by § 1331. *See Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); *Oklahoma ex rel. Wilson v. Blankenship*, 447 F.2d 687, 692 (10th Cir. 1971), *cert. denied*, 405 U.S. 918, 92 S.Ct. 942, 30 L.Ed.2d 787 (1972). Plaintiff has not asserted a federally created cause of action, *see Peyton v. Railway*

*Express Agency, Inc.,* 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525 (1942), nor sought a remedy under federal law, *see Wheeldin v. Wheeler,* 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605. The federal question in this case has been raised not by plaintiff but by Mobil as a defense to the enforcement of the Township's Ordinance, and the State Uniform Construction Act. It is axiomatic that federal jurisdiction does not lie on the basis of the assertion of a federal defense. *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974); *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); *Louisville and Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Since the only conceivable federal question to be found in plaintiff's complaint arises in anticipation of Mobil's pre-emption defense, we find that the complaint constitutes an insufficient basis on which to ground federal question jurisdiction. We must, therefore, agree with the defendant United States that this court lacks jurisdiction of this action under 28 U.S.C. § 1331. Accordingly, we grant the motion of defendant United States to dismiss it from this action.

■ Our conclusion is not altered by the fact that there is diversity jurisdiction between the private party litigants. Such diversity jurisdiction does not empower us to exercise federal question jurisdiction over an action against the United States where no federal question is presented. In fact, it is simply irrelevant to the question of whether this action should be dismissed as to the United States. *See Duignan v. United States,* 274 U.S. 195, 197, 47 S.Ct. 566, 567, 71 L.Ed. 996 (1927).

2. Defendant Mobil's Motion to Dismiss.

Defendant Mobil moves the court to dismiss this action on the ground that the controversy is moot. In support of its motion, defendant Mobil asserts that the strike out of which the controversy arose is over and the offending trailers have been removed; therefore, there are no questions in dispute between Mobil and the Township.

■ As in the case of any motion to dismiss, we construe the complaint in the light most favorable to plaintiff and take its allegations as true. *See Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969); *Curtis v. Everette,* 489 F.2d 516 (3d Cir. 1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974). While we agree with defendant Mobil that both Article III of the Constitution and the Declaratory Judgment Act require an "actual controversy," we disagree that such a controversy is missing from the instant set of facts. The allegations in plaintiff's complaint give rise to the question of whether plaintiff has a right to enforce its zoning ordinance, either by way of injunction, or by way of fines. Plaintiff admits that its claims relating to injunctive relief have become moot because of the conclusion of the strike and the removal of the trailers. However, plaintiff still asserts an interest in enforcing its ordinance and seeks a declaration that it may do so. We find that the interest asserted by plaintiff gives rise to a sufficiently live controversy.

■ We are mindful of the fact that the right to declaratory relief is not determined by whether the elements essential to relief exist when the action was initiated, but by whether the controversy requisite to relief under the Declaratory Judgment Act exists at the present moment. *See Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969); *Merced Rosa v. Herrero,* 423 F.2d 591, 593 (1st Cir. 1970). We also note that whether particular facts are sufficiently immediate and real to make out an actual controversy is a question of degree, to be determined on a case by case basis. *Golden v. Zwickler,* 394 U.S. at 108, 89 S.Ct. at 959; *Muller v. Olin Mathieson Chem. Corp.,* 404 F.2d 501, 504 (2d Cir. 1968). Applying these principles to the instant case, it is undisputed that a concrete dispute existed at the time the action was filed. In addition, the clashing interests which gave rise to the dispute—plaintiff's right to enforce its ordinance and defendant Mobil's right to be free from compliance with the ordinance on account of the Occupational Safety and Health Act—are still a

matter of dispute. If plaintiff had no present right to enforce its ordinance, we would have to agree with defendant Mobil's contention that the controversy is moot. However, plaintiff does have a present right of enforcement—by way of fines—therefore, we must conclude that the controversy is sufficiently substantial, between parties having adverse legal interests, and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See Lake Carriers' Ass'n. v. Mac-Mullan*, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972).

*Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974) further supports our conclusion. In that case, the Court observed that:

Economic strikes are of comparatively short duration.... But the great majority of economic strikes do not last long enough for complete judicial review of the controversies they engender.... The judiciary must not close the door to the resolution of the important question these concrete disputes present.

*Id.* at 126–27, 94 S.Ct. at 1700. Although the Court found that the challenged conduct had ceased, it held that its effect was continuing. To have dismissed the controversy as moot, would have frustrated the purposes of the Declaratory Judgment Act. Likewise, in the instant case, although Mobil has removed the offending trailers, its conduct in disregard of the ordinance continues in this action to affect plaintiff's right to enforce the ordinance.

3. Plaintiff's Motion for Summary Judgment.

Plaintiff moves this court for summary judgment, declaring that its right to enforce its Zoning Ordinance and the Uniform Construction Code is not preempted by the Occupational Safety and Health Act. Plaintiff asserts that there are no issues of material fact which would preclude a summary disposition. The only question before the court is whether enforcement is preempted by federal law. Defendant Mobil does not contest plaintiff's assertion that no factual dispute exists. Rather, it opposes plaintiff's motion on legal grounds, arguing

that mootness precludes our consideration of plaintiff's motion or that, alternatively, plaintiff's action is preempted by federal law. Therefore, we conclude that this matter is appropriate for summary judgment.

While we agree with defendant Mobil's basic premise that the Occupational Safety and Health Act establishes a comprehensive legislative scheme to assure safe and healthful working conditions for workers, *see* 29 U.S.C. § 651, we cannot agree that Congress intended to supersede state regulation of local building codes and zoning ordinances. In fact, the legislative history of the Occupational Safety and Health Act clearly expresses the intent of Congress that the Occupational Safety and Health Act "will not supplant local building codes." 116 Cong.Rec. 38373, *reprinted in* Legislative History of the Occupational Safety and Health Act of 1970, 998 (1971).

Defendant Mobil insists that this clear expression of intent does not govern the instant case since its actions were concerned with *working* conditions. We agree that if plaintiff Township sought, through the issuance of Notices of Violation, to control the working areas of defendant Mobil's refinery, plaintiff's attempt to regulate would be preempted by the Occupational Safety and Health Act. However, the conduct by Mobil which the Notices were addressed was *not* related to working conditions. The Occupational Safety and Health Act, by its own terms, only applies to the "workplace" and "working conditions of employees." 29 U.S.C. § 653. Mobil's contention that the installation of sleeping quarters on refinery premises converts the essential character of such facilities into a workplace is without merit. In addition, Mobil, by its own conduct, demonstrated its awareness of the character of the trailers: Mobil submitted to plaintiff Township of Greenwich 12 applications *for permits* seeking temporarily to install trailers for use as sleeping quarters on the Mobil premises during a strike by its employees—in other words, Mobil admitted that the use it contemplated was a "land use," governed by local law, not a working condition protected by the Occupational Safety and Health Act.

Defendant Mobil argues that *Five Migrant Farmworkers v. Hoffman*, 136 N.J. Super. 242, 345 A.2d 378 (Law.Div.1975) compels a contrary conclusion. We disagree. *Hoffman* involved housing and sanitary inspections of migrant labor camps. Because of the captive nature of migrant employment, the living quarters of such employees are clearly working conditions within the meaning of the Occupational Safety and Health Act. Defendant Mobil has not asserted that its employees were agricultural workers or migrant laborers. Nor does the nature of refinery work require its employees to be present on working premises when sleeping. In addition, in *Hoffman*, there was federal regulation specifically governing some migrant labor camps. Also, the Secretary of Labor, pursuant to his power under the Occupational Safety and Health Act, had promulgated standards substantially similar to those state standards which plaintiffs were attempting to enforce. Based on all these factors, the court found the state standards preempted. In the instant case, we have no conflicting state and federal standards. Nor do we have federal regulation establishing standards for refinery sleeping quarters. Finally, we have no basis, as did the court in *Hoffman*, for finding that defendant Mobil's conduct involves working conditions of employees.

Defendant Mobil notes that sleeping quarters can be and have been regulated under the Occupational Safety and Health Act *where they are physically inseparable from the work site*. This is the precise point on which defendant Mobil's argument falls. The only reason that Mobil had sleeping quarters on its premises was not because it was physically impossible to separate the employees from the work area for sleeping. *See* 29 C.F.R. § 1910.142. Ordinarily, the employees do not sleep at the refinery; therefore, it is disingenuous for defendant to attempt to suggest that such a regulation should be controlling here.

Defendant Mobil also bases its contention that plaintiff Township seeks to regulate the *working conditions* of its employees on the language of the complaint. Mobil argues that since plaintiff sought to enjoin health, safety and welfare threats to the occupants of the trailers, and those occupants were employees, plaintiff was attempting to regulate working conditions. This characterization is not only inaccurate, it is also wholly without merit. It is manifest that plaintiff sought to enforce health, safety and welfare regulations that protect the public generally. Plaintiff was concerned with the welfare of the inhabitants of the trailers as citizens in general, not as defendant's employees. In addition, plaintiff's area of concern was within the proper scope of the police power and not with an occupational safety and health issue. Therefore, we must conclude that, as a matter of law, the exercise of authority by the Township is permissible and not preempted. *Harrington v. Department of Labor and Industry*, 163 N.J.Super. 595, 395 A.2d 533 (Law Div.1978). Accordingly, plaintiff's motion for summary judgment will be granted.